## WRIGHT *v.* SHEPHERD.

VENDOR AND PURCHASER.—*Canal Lands.*—*Assignment of Certificate of Purchase.*—Where one who had purchased canal lands of the Trustees of the Wabash and Erie Canal assigned and delivered his certificate of purchase to another, such assignor had thereafter no interest or title in the lands purchased that would descend to his heirs, and a conveyance made by such heirs would pass no title.

SAME.—*Action to Recover Real Property.*—*Legal and Equitable Titles.*—*Record of Conveyances.*—Where A. purchased canal lands of the Trustees of the Wabash and Erie Canal in 1854, and received a certificate of purchase therefor, and afterward, in 1856, assigned and delivered the certificate to B., who, in 1857, obtained a patent, or deed, for the land, and after the death of A., in 1862, his heirs conveyed said real estate to C., the latter could not recover the real estate from one who acquired title through B., though the deed of B. was not placed on record within the time limited by law, or until after the deed from the heirs of A. to C. had been recorded.

From the Greene Circuit Court.

*Isenhower & Burns* and *Claypool, Mitchell & Ketcham,* for appellant.

*A. C. Cavins* and *E. H. C. Cavins,* for appellee.

DOWNEY, J.—This action was brought by Wright against

Shepherd. At common law, it might have been called an action of ejectment, for it was for the recovery of real property. The answer was a general traverse of the complaint.

There was a trial by the court, and the following finding of facts and conclusions of law thereon :

"The plaintiff in the above entitled cause having requested a special finding of the facts, the facts found by the court from the evidence given on the trial of said cause are as follows, viz.: That on the 21st day of October, 1854, John H. Watson entered as canal land, at Washington, Daviess county, Indiana, the south-east quarter of the north-west quarter of section three, township eight, north of range seven west, situated in Greene county, Indiana, and received a certificate showing full payment of the purchase-money ; that on the 20th day of March, 1856, said Watson assigned said certificate to Abram A. Hammond ; that said Watson died in the year 1862, and left as his only heirs Dedrich L. Juergens and Elvira Juergens. A patent, or deed, was made by the Trustees of the Wabash and Erie Canal to Abram A. Hammond for said land, bearing date June 4th, 1857. Dedrich L. and Elvira Juergens, heirs of Watson, made a quitclaim deed of their interest in said land to James Wright, the plaintiff herein, for the consideration of one hundred and sixty dollars, on the 22d day of September, 1868 ; Abram A. Hammond conveyed said land by deed to William Muir, on the 22d day of April, 1869, and Muir conveyed the same by deed to John Gibson, on the 22d day of October, 1869, and Gibson conveyed the same to Shepherd, the defendant herein, on the 9th day of May, 1871 ; that said land at the time of the purchase by Wright was wild and uncultivated, and that no person was at that time in the actual possession thereof; that Wright had no notice at the time of his purchase that any person claimed any title or interest in the land, except the heirs of Watson, of whom he purchased ; that said land, up to the time of Wright's purchase, had been taxed to Watson, and after his purchase Wright paid

up the taxes on the land, and after Muir purchased he paid to Wright the amount of taxes that Wright had paid on the land. The deed of Juergens and Juergens to Wright was entered of record in the proper office on the 25th day of March, 1869. The patent from the canal trustees to Hammond was entered of record in the same office on the 1st day of May, 1869. The deed from Hammond to Muir was likewise recorded on the 1st day of May, 1869. The deed from Muir to Gibson was recorded on the 31st day of December, 1869, and the deed from Gibson to defendant was recorded May 9th, 1871.

" The court, upon the foregoing facts, arrives at the following conclusions of law :

" 1. That said Watson, at the time of his death, had no interest in the land in controversy, and that no interest or title therein descended to his heirs.

" 2. That the deed from Watson's heirs to the plaintiff in this suit conveyed to him no title to the land in controversy.

" 3. That Hammond, by failing to have his deed or patent recorded within ninety days from its date, or before the conveyance by the heirs of Watson to plaintiff, is not estopped from setting up his title against the title of plaintiff; and those claiming under Hammond have the same right that Hammond would himself have. The court therefore finds for the defendant." Signed by the judge.

An exception was taken to the conclusions of law, and error is assigned thereon.

Watson, according to the facts found, held a certificate of purchase of the land from the canal trustees. He assigned the certificate to Hammond. We can see no objection to the first conclusion of law, that Watson, at the time of his death, had no interest in the land in controversy, and that no interest or title therein descended to his heirs. Assuming, which is not denied, that by law he might legally assign the certificate, it must follow, when he had assigned it, that

he had no interest in the land, and none descended from him to his heirs.

The second conclusion, that the deed from Watson's heirs to the plaintiff in this suit conveyed to him no title to the land in controversy, must also be correct. If Watson had no interest in the land at his death, and none descended to his heirs, it must be true that their deed conveyed no title to the plaintiff, it being conceded that they got no title from any other source.

The discussion arises upon the third conclusion of the court. It is contended by counsel for the appellant, that as Watson, by his purchase of the land and payment therefor, became the equitable, if not the legal, owner of the land, which facts appeared on the records of the canal land-office, the plaintiff had a right to presume that Watson died such owner, that such interest descended to his heirs, and that they had a right to sell and convey the same; that as the deed from them to the plaintiff was recorded before the deed from the canal trustees to Hammond, and the deeds which succeeded it, in the defendant's chain of title, the plaintiff is entitled to hold the land as a purchaser in good faith and for a valuable consideration, according to section 16, p. 260, 1 G. & H. On the other hand, it is contended by counsel for appellee, that the title of plaintiff could, at most, be only an equitable one, as the legal title was never in Watson; that the law relating to the recording of deeds has no reference to equities, and consequently, as the appellee has the legal title, that he is not affected by the failure to record the deeds under which he holds. We are of the opinion that the latter is the correct view of the question.

We do not regard the question as one depending upon the law of estoppel. It is simply this: that the plaintiff, having purchased what could, under no circumstances, have been more than an equitable title to the property, cannot claim the property as against the holder of the legal title, because he and those under whom he claims failed to record

their deeds within the time limited by statute. Had the certificate of purchase vested in Watson the legal title, or had the legal title been conveyed to him by the trustees, we might, the other facts being the same, have come to a different conclusion. Now, however, all that Wright can claim is, that from an examination of the books of the canal land-office, he learned that Watson had received a certificate, paid the purchase-money, and thus became the owner of an equitable title to, or interest in, the real estate. The fact that Wright obtained a deed from the heirs of Watson did not give him a legal title. They had no legal title to convey to him, and could have had none had everything been true which was shown by the books of the state land-office, and had Watson held the certificate at the time of his death.

The third conclusion of law by the court was substantially correct.

The judgment is affirmed, with costs.