JOHN B. AYRES, respondent, *v.* THE WESTERN RAILROAD CORPORATION, appellant.

On an appeal to this court from a judgment, the order of the Supreme Court, sustaining a demurrer to one of the defendant's answers may be reviewed as an intermediate order involving the merits and necessarily affecting the judgment, although there has been a trial on the issue of fact raised by the other answers, and the judgment was entered upon the decision thereon.

An answer to the jurisdiction of the State court, setting up a removal of the cause to the United States Circuit Court, by filing the petition and bond with the clerk of the State court, according to the statute of the United States and the practice in such case made and provided, is sufficient in form and not demurrable, although omitting to allege that such filing was at the time of entering the defendant's appearance in the State Court.

The restriction of the eleventh section of the United States judiciary act (chapter 20, U. S. Laws of 1789), upon the jurisdiction of the United States Circuit Court as to suits to recover the contents of any promissory note or other chose in action in favor of an assignee, does not apply to suits removed thither from a State court under the twelfth section of the act. *Bushnell* v. *Kennedy* (9 Wallace, 387) followed.

(Argued March 30th and decided April 4th, 1871.)

APPEAL from a judgment of the General Term of the Supreme Court in the Third district, affirming a judgment

for the plaintiff, rendered on the decision of a judge without a jury.    This was an action to recover the value of certain cases of paper, shipped by the plaintiff's assignor on board the cars of the defendant, at Springfield, Mass., and consigned to several parties in the Western States, via The Western Transportation Company, and burned at the defendant's depot in East Albany, July 5th, 1861.

The cause of action (stated in the complaint to be for breach of a contract to carry safely and deliver to the consignees) was assigned to the plaintiff, a citizen of this State, and resident in the city of New York, where the venue was originally laid.    Before answering, the defendant filed his petition and bond, and made his motion to remove the case to the United States Circuit Court, 2d circuit, southern district of New York.    This was granted at the Special Term, and that order reversed and motion denied by the General Term of the Supreme Court in the First judicial district, on the ground, that defendant had obtained time to answer, and on the order served, his attorney had indorsed his name generally as attorney, and hence, had "entered his appearance" before filing his petition and bond for removal; also, on the ground that the Circuit Court was prohibited by the eleventh section of the U. S. judiciary act from assuming jurisdiction, the suit being by assignee to recover on the contract of the carrier. (*Ayres v. W. R. R. Corporation,* 48 Barb., 132.)

The defendant thereupon put in his answer.    The first answer was to the merits.    The second answer was as follows:

"And for a further and second answer to the said complaint, the defendant alleges that the said plaintiff is a citizen of the State of New York, and the said defendant is a citizen of the State of Massachusetts; that on the 5th day of July, 1866, a petition of the defendant, and bond with sufficient surety, for the removal of this action for trial into the Circuit Court of the United States, for the southern district of the State of New York, were filed with the clerk of the city and county of New York, according to the statute of the United States, and the practice in such case made and provided;

that notice of the filing of such petition and bond, and that this court would thereafter be moved to grant the prayer of said petition for such removal, on the ground that the plaintiff was a citizen of this State, and the defendant a citizen of the State of Massachusetts, and that the matter in dispute exceeded the sum of $500, was duly served upon the plaintiff's attorney; that the said motion was made at a Special Term of this court, and, on the 13th day of August, 1866, granted, and it was thereby ordered that the said security so offered by the defendant be accepted, and that this court proceed no further in this cause, and that the same be removed for trial into the Circuit Court of the United States, for the southern district of New York; that upon an appeal from said order to the General Term of this court, taken by the said plaintiff, the same was reversed, with costs, by the said General Term."

And the said defendant, in further answer to the said complaint, alleges that all the proceedings for the removal of said action into the Circuit Court of the United States, for the southern district of New York, were in conformity to and accordance with the statutes of the United States, and the practice in such case made and provided, and that all the provisions of said statutes and practice have been complied with by said defendant, and, as the defendant is informed and believes, this action has been removed for trial into the Circuit Court of the United States for the southern district of New York, where the same is now pending; and that by reason thereof, this court has lost jurisdiction over the same."

The venue was changed to Albany county on motion of the defendant.

The plaintiff demurred to the second answer, and the demurrer was sustained at Special Term, and, on appeal, at General Term in May, 1867. The cause was subsequently tried on the issues of fact raised by the other answers, and judgment ordered for the plaintiff, April, 1869. No evidence was introduced as to the second allegations of the answer, but they were made the basis of a motion for nonsuit.

At the same time the plaintiff entered his judgment for $2,387.39, upon the issues of fact, a judgment against the defendant upon the demurrer was filed with the roll, claimed by the plaintiff to have been filed by the defendant themselves, the General Term order as to which, in May, 1867, had given them leave to answer over. They then appealed to the General Term from both judgments, and the General Term affirmed "the judgment."

The defendant then appealed to this court.

*John H. Reynolds,* for the appellant, upon the points noticed in the opinion, cited 1 U. S. Stat. at Large, 79, § 12; Brightly's Dig., 128; Conkling Treatise, 3d ed., 123, 126, 173, 179, 475, 476. A corporation is a citizen within the meaning of this act. (*Stevens* v. *The Phœnix Ins. Co.,* 41 N. Y., 149; *The Louisville R. R. Co.* v. *Letson,* 2 How. U. S., 497, 554, 555, 558; *Rundell* v. *Del. and R. Canal Co.,* 4 How. U. S., 80; *Salmon Falls Manuf'g Co.* v. *Godard,* 14 How. U. S., 446; *Phil. R. R. Co.* v. *Derby,* 14 How. U. S., 468; *Marshall* v. *The B. and O. R. R. Co.,* 16 How. U. S., 314; *Charter Oak Ins. Co.* v. *Star Ins. Co.,* 6 Blatchf., 208; *Fisk* v. *Union Pacific R. R. Co.,* 6 Blatchf., 362; *Bushnell* v. *Kennedy,* 9 Wallace U. S., 387; 17 Amer. Law Reg., 229.) It is a public act, and need not be specially pleaded. (1 Chitty Pl. [Springfield ed. of 1840], 215; 1 T. R., 145; Stephen Plea., 352.) The action is not by an assignee within the 11th section of the judiciary act. (*Deshler* v. *Dodge,* 16 How. U. S., 622; *Clark* v. *City of Zanesville,* 4 Amer. Law Reg.; *Bushnell* v. *Kennedy,* 9 Wallace, 387.)

*Samuel Hand,* for the respondent, that the presumption was in favor of jurisdiction, and the second answer, to be sufficient, must set out facts clearly showing want of jurisdiction, and must allege that at the time of entering his appearance the defendant presented a petition, etc., cited Judiciary act, 12, § 1, U. S. S., 79; *Cooley* v. *Lawrence* (5 Duer, 610); Peters' C. C. Rep., 44; 1 Paine's C. C. Rep., 410; *Ayers* v. *W. R. R.*

*Corp.* (48 Barb., 132).    That the 11th section of the judiciary act prevented removal, he cited *Campbell* v. *Perkins* (8 N. Y., 430); *Anderson* v. *Manufacturers' Bank* (14 Abb., 426); *Manhattan Co.* v. *Camden R. R. Co.* (52 Barb., 721); *Suydam* v. *Irving* (2 Blatch., 359).

FOLGER, J.    On this appeal, this court may review the determination of the General Term upon the demurrer of the plaintiff to the second answer of the defendant.    It was an intermediate order, involving the merits and necessarily affecting the judgment.    (Code, § 11, 1.)

The second answer was good in form, its allegations were sufficient to permit proof of all the facts essential to make out the defence set up.    It was good in substance also, and alleged a valid defence unless it was obnoxious to the limitation of the jurisdiction of the District and Circuit Courts of the United States, contained in the eleventh section of the judiciary act.    (1 U. S. Stat. at Large, p. 78, § 11.)

Upon such a question, the authority of decisions in the Federal courts, is paramount.    If it is there clearly and definitely held, that in a case where a defendant has taken the necessary steps in accordance with the statute to remove the cause to the United States Court, jurisdiction of the action cannot be retained in the State Court by virtue of the limitation above adverted to, the question is settled for us.

In *Bushnell* v. *Kennedy* (9 Wallace, 387); it is held, CHASE, Ch., J., delivering the opinion of the court, that any defendant being a citizen of another State than the plaintiff, is entitled, upon application at the proper time, to have his cause removed to a Circuit Court of the United States, and that the restriction of the eleventh section, not being found in the twelfth section, and the reason for it not existing, the defendant is not retarded by it, in the exercise of his right to change the jurisdiction of the action.    In this opinion all the judges concurred.    It is not necessary that we reiterate the reasons there given.

It follows that the judgment of the court below be reversed.

PECKHAM, J., having been a member of court below did not sit.  GROVER, J., did not vote.  All the other judges concurring, judgment reversed without costs, the cause being removed to the Circuit Court before issue, and the court below having no jurisdiction.

NOTE.—The doctrine, that on an appeal from a judgment obtained upon the trial of issues of fact, the orders sustaining or overruling demurrers to the pleadings, are to be reviewed, stated in its broad extent does not seem entirely in harmony with the opinion of the court in *Depuy* v. *Strong* (37 N. Y., 372); where it was held, that upon appeal from a judgment in trespass upon a verdict on an issue of fact, where the defendant had interposed a demurrer to the complaint, which had been wrongfully overruled at Special and General Terms, this court could not correct that error.—REP.