## THE INDIANAPOLIS, BLOOMINGTON, AND WESTERN RAILWAY CO. *v.* RISLEY.

PLEADING.—*Action on Judgment.*—*Answer of Nil Debit.*—The plea of *nil debit* is an insufficient answer to an action on a judgment.

PRACTICE.—*Removal of Cause to United States Court.*—*Petition.*—If the petition for the removal of a cause from a state court to the circuit court of the United States is sufficient, it is the duty of the state court to proceed no further in the cause, but at once to transfer the jurisdiction to the United States court. But if the petition is insufficient, the state court may properly disregard it, and refuse to remove the cause.

SAME.—Such petition must show that the plaintiff was a citizen of the state in which the suit was brought, and the defendant a citizen of another state, at the time the suit was commenced.

From the Marion Superior Court.

*J. C. Black, J. E. McDonald, J. M. Butler, E. M. McDonald, F. B. McDonald,* and *G. C. Butler,* for appellant.

*C. Baker, O. B. Hord,* and *A. W. Hendricks,* for appellee.

BIDDLE, J.—Suit by the appellee against the appellant, founded on a judgment rendered in the Supreme Court of the State of New York. The record of the judgment is made an exhibit in the complaint.

The appellant answered in five paragraphs. The second was withdrawn. Demurrers were filed to the first, third, fourth, and fifth paragraphs, and sustained, and exceptions taken. The appellant elected to stand by her answers, and the court rendered judgment in favor of the appellee for the amount found to be due. Appeal to this court.

The first paragraph of the answer is as follows:

"That they do not owe the said sum of money above demanded, or any part thereof, in manner and form as the plaintiff hath above thereof complained against them, and of this the defendants put themselves upon the country," etc.

The third is as follows:

"That being the sole defendant in a cause in which said supposed judgment was obtained, and being a corporation organized under the laws of the State of Indiana, and owning

and operating a railroad in said State and having no corporate existence in the said State of New York, and being in no way a citizen or resident of said last named state in which said judgment was unjustly and wrongfully obtained and rendered, and the said plaintiff, John E. Risley, having before that time commenced a suit against the said defendant in the said State of New York in the Supreme Court thereof for the county of New York, he, the said John E. Risley, then and there being a citizen of the said State of New York, and the amount involved, or sum demanded, exceeding the sum of five hundred dollars exclusive of costs, to wit, the sum of fifty thousand dollars, the defendant did, on the 24th day of June, 1870, and before the trial and final hearing of said cause, make and file in said court her petition and affidavit for the removal of said cause into the next circuit court of the United States, to be held in the Southern District of New York, being the district within which said Supreme Court was then and there held, copies of which petition and affidavit are herewith filed and made a part of this answer, and did also then and there offer and tender to said Supreme Court a good and sufficient surety for her entering in said circuit court of the United States, on the first day of its then next ensuing session. Copies of the process against her and of all pleadings, depositions, testimony, and other proceedings against her, or affecting or concerning her then pending in said Supreme Court, and for the said defendant then appearing in said circuit court of the United States, and entering special bail in said cause, if special bail was originally required of her, and a copy of said surety bond so offered and tendered are herewith filed and made a part of this answer (of all of which the said plaintiff had due notice); and the defendant says that it then and there became the duty of the said Supreme Court of the State of New York, in and for the county and city of New York, to accept said surety (to which no objection was or could be urged by the said plaintiff), and to proceed no further in said cause against said defendant; and the jurisdiction of said Supreme Court over said cause and over the said defend-

ant, thereby then and there terminated and ended, and the said cause should have been certified to the said circuit court of the United States for the district aforesaid; but the Supreme Court then and there denied the request of the said defendant, and refused to accept the said surety, although the same was not objected to on account of any want of the sufficiency thereof, and then and there, without authority of law and over the objections of said defendant, then and there made, and without any jurisdiction, by reason of the premises, over this defendant or the said cause, proceeded with said cause, and the trial and hearing thereof; and afterwards, to wit, on the 4th day of December, 1872, rendered the said supposed and pretended judgment against the said defendant in said complaint mentioned; all of which proceedings and judgment in said Supreme Court, after the filing of the affidavit and petition aforesaid, and after the tender of the surety aforesaid, the said defendant says were void and of no effect, and that the judgment of the said Supreme Court, in said complaint mentioned, is wholly void; wherefore he prays judgment," etc.

The fourth and fifth paragraphs are the same as the third, except that in the fourth the appellant is alleged to be a corporation organized under the laws of the State of Illinois, and in the fifth it is alleged to be a corporation organized under the laws of the States of Indiana and Illinois.

There is no difficulty in disposing of the first paragraph of the answer. It is the old plea of *nil debit*, and is an insufficient answer. *Mills* v. *Duryee,* 7 Cranch, 481; *Hampton* v. *M'Connel,* 3 Wheat. 234; *Davis* v. *Lane,* 2 Ind. 548; *Buchanan* v. *Port,* 5 Ind. 264.

The third, fourth, and fifth paragraphs of the answer are in legal effect the same. They vary in alleging the residence of the appellant, but each shows her to be a non-resident of the State of New York, and all rely upon the sufficiency of the petition of the appellant to remove the cause from the Supreme Court of the State of New York to the circuit court of the United States. We are of opinion that if the petition is sufficient, it was the duty of the state court to " proceed no far-

ther in the cause," but at once to transfer the jurisdiction to the circuit court of the United States. So are all the decisions in the courts of the United States, and also in the state courts, with the exception of a few of the earlier cases. But if the petition is insufficient, the state court might properly disregard it, and refuse to remove the cause. *Gordon* v. *Longest*, 16 Peters, 97; *Kanouse* v. *Martin*, 15 How. 198; *Insurance Company* v. *Dunn*, 19 Wal. 214; *Stevens* v. *The Phœnix Ins. Co.*, 41 N. Y. 149; *Holden* v. *The Putnam Fire Ins. Co.*, 46 N. Y. 1.

The question under consideration, then, turns upon the sufficiency or insufficiency of the petition, filed by the appellant, to remove the cause from the Supreme Court of the State of New York to the circuit court of the United States. It has been held, we believe, uniformly, under the twelfth section of the act of Congress of 1789, that if the application to remove a cause from a state to a United States court be made by petition, it must show that the plaintiff was a citizen of the state in which the suit is brought, and the defendant a citizen of another state, at the time the suit was commenced. *Savings Bank* v. *Benton*, 2 Met. Ky. 240.

In *The People* v. *The Superior Court of Chicago*, 34 Ill. 356, the court says:

" The petition does not show that the plaintiffs were citizens of the State of Illinois at the time when the suit was commenced, and there was no evidence of that fact. The petition does allege that the plaintiffs were, on the 9th day of December, 1863, at the time it was sworn to, citizens of this State, but we are of the opinion that the evidence that the plaintiffs had the requisite citizenship at that time is not sufficient evidence to show that they had it on the 25th of August, 1863, when the suit was commenced. As there was no evidence before the court below that the plaintiffs were citizens of Illinois at the time when the suit was commenced, its refusal to order a removal of the cause was correct."

In *Holden* v. *The Putnam Fire Ins. Co.*, 46 N. Y. 1, the court of appeals uses the following language:

" The only proof of the citizenship of the plaintiff, made upon the application, is found in the petition of the defendant made and verified April 5th, 1867, which recites, that the action was commenced March 25th, 1867, and after stating the nature of the action, and that the defendant is a citizen of Connecticut, proceeds as follows : ' That Delos L. Holden, the plaintiff in said action, is a citizen of the State of New York.' This is simply an averment, that when the petition was drawn the plaintiff was a citizen of this State, but no legal presumption arises from this fact, that he was a citizen at the time of the commencement of the action."

We do not perceive any difference, in this respect, between the act of 1789 and the act of 1866, with the amendatory act of 1867, which governs the present case. The late act, therefore, should have no different construction placed upon it, on this point, from that which has so long been settled as the true construction of the act of 1789. 1 U. S. Stat. at Large, 79 ; 14 U. S. Stat. at Large, 396, 558. Indeed, the construction that the requisite citizenship should refer to the time of the commencement of the suit is obvious. Otherwise, it would be in the power of either party, by simply changing his domiciliary *status*, to oust the jurisdiction of a state court after it had attached, and confer jurisdiction on a court of the United States, when such jurisdiction did not exist at the time of the commencement of the action. It has often been decided that when jurisdiction once attaches in a court of the United States, in an action between a resident citizen and a citizen of another state, it cannot be ousted by a change of residence of the parties, though their position after the change may be such as would not have given jurisdiction at the time the suit was commenced ; so, we think, when an action has been commenced in a state court, no state of facts can afterwards be prepared to oust it of its jurisdiction, and remove the cause to a court of the United States. There is a necessity, then, in both instances, in referring the *status* of the parties to the time when the action is commenced. *Dunn* v. *Clarke*, 8 Peters, 1 ; *Clarke* v. *Matthewson*, 12 Peters, 164 ; *Morgan's Heirs* v. *Morgan*, 2 Wheat. 290 ;

*Mollan* v. *Torrance,* 9 Wheat. 537 ; *Green* v. *Custard,* 23 How. 484.

In the case we are considering, the action was commenced in the Supreme Court of the State of New York, on the 1st day of December, 1869. The application of the appellant to remove the cause to the court of the United States was made by petition on June 24th, 1870.

The words of the petition, touching the citizenship of the parties, are as follows : " That the plaintiff in this action is a citizen of this State" (New York) "and a resident herein ; that the petitioner is a corporation created by the laws of the states of Illinois and Indiana, and doing business therein ; and said corporation has not any agent in this State on whom process may be served, according to the law of this State."

The third, fourth, and fifth paragraphs of answer, failing to show that the appellee was a citizen of the State of New York at the time of the commencement of the action, are insufficient.

The demurrers were properly sustained.

The judgment is affirmed.

Petition for a rehearing overruled.