Sharp *et al. v.* Gutcher.

## No. 7976.

## SHARP ET AL. *v.* GUTCHER.

**PRACTICE.**—*Removal of Cause to United States Court.*—*Time of Application.*—The petition for the removal of a cause from a State court to a Federal court may be made at any time before the trial or final hearing of the suit in the State court.

**SAME.**—*Void Acts of State Court.*—After a sufficient petition for removal has been filed, the State court can do nothing more than to perfect the removal, and any acts in attempting to retain jurisdiction would be *coram non judice* and void.

**SAME.**—*Answer.*—An answer setting up the filing of a petition, etc., for removal, is a sufficient answer in bar of further proceedings in the State court.

From the Miami Circuit Court.

*C. Clemans, A. C. Clemans* and *J. Mitchell,* for appellants.

*J. S. Collins, J. W. Adair,* —— *Collins, J. L. Farrar,* and *J. Farrar,* for appellee.

FRANKLIN, C.—Appellee commenced a suit, with attachment and garnishment proceedings, against appellants, in the Whitley Circuit Court, at the April term, 1877. One of the garnishees filed an answer at that term.

The defendants appeared at the September term of the court and filed separate demurrers to each paragraph of the complaint, which were overruled and excepted to. Defendants then filed an answer and a cross complaint; cross complaint demurred to, overruled and excepted to. Reply filed, and cause continued by agreement.

At the next November term of the court the defendants moved for a change of venue; venue changed to Miami Circuit Court. At the December term of the Miami Circuit Court the cause was continued by operation of law. At the April term, 1878, the cause was continued on the motion and affidavit of defendants. At the June term, 1878, the petition and bond were filed, and motion made, for the removal of the cause to the United States Circuit Court. Over objections and exceptions of defendants, the plaintiff filed

an answer to the petition for removal; and the motion for removal was overruled by the court, and excepted to by defendants.   At the October term of the court defendants filed an additional fourth paragraph to their answer, setting up the proceedings for a removal of the cause as a defence in that court to the action.   The plaintiff demurred; demurrer sustained, and excepted to.

A trial by jury was had at the December term, 1878, and a verdict for the plaintiff for $1,249.84.  Motions for a new trial and in arrest of judgment were made, overruled and excepted to, and judgment rendered on the verdict.

In the reasons for a new trial, there were twenty-one causes stated; and in this court eight errors have been assigned.

The first, second, third, and fourth errors assigned embrace the subject of the proceedings to remove the cause to the United States Circuit Court, and may all be properly considered together.   The same question is attempted to be presented in the record in four different ways:

1st.  The overruling of the motion on the petition, etc.

2d.  The sustaining of the demurrer to the fourth paragraph of answer.

3d.  The overruling of the motion for a new trial.

4th.  The overruling of the motion in arrest of judgment.

Neither in this court nor in the court below have there been any objections raised to the form or substance of the petition and bond in the removal proceedings.  The only objection made, and upon which the record shows that the court below decided, was, "The application was made too late."   The record requires this court to determine whether the application was made in time for the defendants to procure a removal of the cause to the Federal court.

We have had various acts of Congress upon this subject of the removal of causes from the State courts to the Federal courts.   Some of them, in relation to special persons and classes of cases, need not be noticed.   Those of a more

general character were passed in 1789, 1866, 1867, R. S. 1873-4, act of 1875, and the second revised edition of the statutes of the United States, provided for in March, 1877, and certified to in February, 1878.

Upon the subject of the *time* in which the petition should be filed, the act of 1789 provided that it should be done "at the time of entering his appearance." The act of 1867 provided that it should be done "at any time before the final hearing or trial of the suit." The same provision is in the act of 1866.

The Revised Statutes of 1873-4, p. 113, section 639, as to citizenship, provided that the petition should be filed in the state court "at the time of entering his appearance;" and when the additional cause for removal, of prejudice or local influence, as provided for in the act of 1867, was alleged by affidavit, the petition might be filed "at any time before the trial or final hearing of the cause."

The act of 1875 provided that, on account of citizenship, the petition might be filed "before or at the time at which said cause could be first tried, and before the trial thereof." The revision of 1877-8, upon this question, was the same as the revision of 1873-4.

It is insisted, in this case, that the act of 1875, by implication, repealed all former acts upon this subject. And, in the case of *Osgood* v. *Chicago, etc., R. R. Co.*, 6 Bissell, 332, Judge Drummond, in the opinion, does make such an intimation. But we do not understand him to have so decided; for upon a petition for a rehearing, afterward filed in the same cause, he uses the following language: "These acts were, it is presumed, all repealed by the revised statutes of the United States, which, however, incorporated their substantial provisions in section 639." This decision was made in 1875, and could only have referred to the revision of 1873-4.

In the case of *United States* v. *Tynen*, 11 Wallace, 88,

we have the following rule of construction in relation to the repeal of statutes by implication, to wit :

" When there are two acts on the same subject the rule is to give effect to both if possible.   But if the two are repugnant in any of their provisions, the latter act, without any repealing clause, operates to the extent of the repugnancy as a repeal of the first ; and even where two acts are not in express terms repugnant, yet if the latter act covers the whole subject of the first, and embraces new provisions, plainly showing that it was intended as a substitute for the first act, it will operate as a repeal of the act."

While the act of 1875 was, in some respects, more comprehensive than either of the former acts, yet it did not embrace the additional cause for removal on account of prejudice or local influence, which was embraced in the acts of 1867, and the revision of 1873-4.   This provision in the former acts, not being embraced in, nor repugnant to, any of the provisions of the act of 1875, is not thereby repealed.

The provision in regard to time, of the act of 1789, was re-enacted by the revision of 1873-4.   But, by implication, was repealed again by the act of 1875, and the time somewhat extended.   Where the cause for removal was citizenship alone, instead of the petition having to accompany the appearance, as was required by the act of 1789, and the revision of 1873-4, it had to be filed according to the act of 1875, " before or at the term at which said cause could be first tried, and before the trial thereof."

This was again attempted to be changed by the revision of 1877-8, and to re-enact the provision of the revision of 1873-4 ; because the second edition or revision of 1877-8, upon this subject, is a literal copy of the revision of 1873-4. But a very serious question arises, as to whether the second edition or revision of 1877-8 is in force and to be regarded as the law.   If it is to be regarded as the law, the difficulty in regard to this question of time is to a very large extent

Sharp *et al. v.* Gutcher.

removed, because it makes certain that which the act of 1875 leaves uncertain.

By this revision, if a party wanted to remove his cause from the State court to the United States Circuit Court, on account of citizenship alone, he would have to file his petition with his appearance to the cause in the State court; but, if he desires to also file an additional cause, he could file his petition and affidavit at any time before the trial or final hearing of the suit. And this, we think, would fully comport with the ends of justice. If a party desires to make such application, on account of citizenship alone, he knows all about the fact, and he ought not to be permitted to delay any considerable length of time, and then come into court and ask to take advantage of a fact which he knew from the beginning, and thereby delay the trial of the cause. But it is not so with the additional cause of prejudice or local influence; it may not be developed, especially to a non-resident, until after the cause has progressed for some time in court, and, when developed at any time before entering into the trial, the party ought not to be deprived of the privilege of having a fair and impartial trial.

But, to recur to the question as to what statute is in force, we find that the revision of 1873–4 was adopted *in solido* by Congress, and the secretary of state was required to certify and publish the same; but that the second edition, or revision of 1877–8, was not adopted by Congress in any manner. The adoption of the first revision caused considerable complaint, on account of the manner of its adoption, when it was ascertained that the revisers had taken the liberty of making a number of changes; hence Congress refused to do the same thing again, in regard to the revision of 1877–8, but passed an amendatory act, March 9th, 1878, providing that when the revision was completed the secretary of state should examine and approve it, and compare it with the amendatory acts, then certify the same under the seal of the

United States. It should then be legal evidence of the law therein contained, in all the courts of the United States and of the several states and territories ; but shall not preclude reference to, nor control, in case of any discrepancy, the effect of any original act as passed by Congress since the first day of December, 1873.

The revision was certified to February 18th, 1878. Under these provisions, this second edition is to be considered as a compilation of the statutes of the United States, and it admits of examination to determine its correctness. And there being a discrepancy between the first subdivision of the 639th section and the act of 1875, this subdivision is inoperative and not in force. That leaves the question thus : When the cause for removal is on account of citizenship alone, the time for filing the petition is controlled by the act of 1875. When the cause is for citizenship and prejudice, or local influence, the time for filing the petition is controlled by the third subdivision of the said 639th section of the second edition or revision of 1878.

In this case, the necessary affidavit of prejudice and local influence was filed with the petition, and therefore brings this case under the operation of the act of 1867, and both the revisions of 1873–4 and 1877–8 ; and, as to that, leaves the latter revision in force, under which this petition, etc., could be legally filed, "at any time before the trial or final hearing of the suit."

Judge DILLON, in his recent valuable treatise on the Removal of Causes from the State courts to the Federal courts, in speaking of the time for the application, uses the following language, in section 59, p. 73 : "Under the Acts of 1866 and 1867 (now Revised Statutes, section 639, subdivisions 2 and 3), the time is enlarged, and the petition for the removal may be made ' at *any time before* the trial or final hearing of the suit' in the State court. The word 'trial' refers to cases at law—'hearing,' to suits in equity. Under

this language the petition for the removal *may*, it is certain, be made at any time before entering upon the final trial, or the hearing on the merits." And, in support thereof, he refers to the following authorities :

*Stevenson* v. *Williams*, 19 Wal. 572 ; *Vannevar* v. *Bryant*, 21 Wal. 41, 43 ; *Waggener* v. *Cheek*, 2 Dillon, 560 ; *Kellogg* v. *Hughes*, 3 Dillon, 357 ; *Dart* v. *McKinney*, 9 Blatchf. C. C. 359 ; *Johnson* v. *Monell* ( change of residence pending suit), Woolworth 390 ; *Minnett* v. *Milwaukee, etc., Railway Co.*, 3 Dillon, 460, denying *Galpin* v. *Critchlow*, 13 Am. L. Reg. (N. S.), 137 ; S. C., 112 Mass. 339, and *Whittier* v. *Hartford Fire Ins. Co.*, 14 Am. L. Reg. (N. S.), 621 ; S. C., 55 N. H. 141 ; see *Insurance Co.* v. *Dunn*, 19 Wal. 214, 225 ; *Akerly* v. *Vilas*, 1 Abb. U. S. Rep. 284 ; S. C., 2 Bissell, 110 ; *The Justices* v. *Murray*, 9 Wal. 274 ; *Miller* v. *Finn*, 1 Neb. 254 ; *Brice* v. *Sommers* (N. D. Ohio, Welker, J.), 8 Chicago Legal News, 290 (1876) ; *Fasnacht* v. *Frank* (U. S. Sup. Court, Oct. 1874), 23 Wal. 416 ; *Craigie* v. *McArthur*, 9 Chicago Legal News, 156.

Under the foregoing authorities, we think that the application, in this case, was not made too late.

The right to remove a cause, under all the acts of Congress providing for removals, is a right conferred directly by the act of Congress, and is not dependent upon the volition or action, or non-action of a State court. When a petition for removal and surety is filed in the State court, in conformity with the acts of Congress, that court can only refuse upon some defect in the petition, or insufficiency in the surety or affidavit of prejudice or local influence. The application is *ex parte*, and depends upon the papers upon which it is founded. No notice is required, and no counter affidavits or pleadings are permitted. Upon the face of the papers, the jurisdiction of the State court over the cause is transferred to the Federal court, and the State court can do nothing more with the cause, except to perfect the removal. Any

acts of the State court thereafter done, in attempting to re-tain jurisdiction over the cause, would be *coram non judice*, and void.    *The Indianapolis, etc., R. W. Co.* v. *Risley*, 50 Ind. 60; *Fisk* v. *The Union Pacific R. R. Co.*, 8 Blatchf. C. C. 243; *Fisk* v. *The Union Pacific R. R. Co.*, 6 Blatchf. C. C. 362; *Matthews* v. *Lyall*, 6 McLean, 13; *Stewart* v. *Mordecai*, 40 Ga. 1; *United States* v. *Tynen*, 11 Wal. 88; *Osgood* v. *Chicago, etc., R. R. Co.*, 6 Bissell, 330; *St. Anthony Falls W. P. Co.* v. *King Bridge Co.*, 23 Minn. 186; *New York W. & S. Co.* v. *Loomis*, 122 Mass. 431; *Ayres* v. *The Western R. R. Corp.*, 45 N. Y. 260; *Taylor* v. *Rockefeller*, 18 Am. L. Reg. (N. S.) 298; *Ex parte Grimball*, 61 Ala. 598; *Scott* v. *Clinton, etc., R. R. Co.*, 6 Bissell, 529; *Burson* v. *The National Park Bank of New York*, 40 Ind. 173.

An answer setting up the filing of a petition, etc., for re-moval, is a sufficient answer in bar to further proceedings in the State court.    *The Indianapolis, etc., R. W. Co.* v. *Risley*, 50 Ind. 60; *Ayers* v. *The Western R. R. Corp.*, 45 N. Y. 260.

We think the court below erred in overruling the applica-tion for removal, and in sustaining the demurrer to the fourth paragraph of defendants' answer.

For these errors the judgment must be reversed.    And it is unnecessary to decide upon the other assigned errors.

Per Curiam.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and it is hereby, in all things reversed, at the costs of the appellee.    And the cause is remanded with instructions to the court below to accept the surety and grant the application to remove the cause to the United States Circuit Court, and to perfect the same.