### BRUCE v. GIBSON.[*]

*(Circuit Court, S. D. Ohio, W. D.   November 21, 1881.)*

1. REMOVAL OF CAUSES—ACT OF 1875—CITIZENSHIP AT TIME OF APPLICATION FOR REMOVAL.

   Under the removal act of 1875 a case is not removable unless the required diversity of citizenship exists at the time the application for removal is made; it is not sufficient that the required diversity in citizenship existed when the suit was commenced in the state court.

2. SAME—CONSTITUTIONALITY.

   And if the act authorized a removal of a cause when the required diversity of citizenship did not exist at the time of the application for removal, it would, to that extent, be unconstitutional and void

On Motion to Remand.

*O'Connor, Glidden & Burgoyne* and *Lincoln, Stephens & Slattery,* for motion.

*Thos. McDougall* and *Hoadly, Johnson & Colston, contra.*

BAXTER, C. J.   This suit was commenced in the superior court of Cincinnati, April 12, 1879. When the pleadings were concluded, and an issue reached in March, 1881, it was, upon defendant's petition alleging that at the commencement of the suit, as well as at the time of the filing of his petition, the plaintiff was a citizen of New York and defendant a citizen of Ohio, removed into this court for trial. But the plaintiff, by plea filed here, says that at the time defendant filed his petition for the removal of the case she was a citizen of Ohio. The issue thus made was, by consent of the parties, tried by the court. From the evidence adduced we find that, at the commencement of the suit, the plaintiff was a citizen of New York, but that at the time defendant applied to have it removed, and for 17 months prior thereto, she was a citizen, with defendant, of the state of Ohio. Upon this finding the plaintiff moves to remand the case to the state court.

The controversy has been sharply defined by the arguments of counsel. On the one side it is insisted that the right of removal depends upon the *status* of the parties at the commencement of the

---

[*]Reported by J. C. Harper, Esq., of the Cincinnati bar.

suit, while on the other the contention is that the *status* of the parties at the time the application was made must control. This question has never been decided by the supreme court. Though twice raised in argument before that tribunal it was on each occasion reserved for future consideration, (*Ins. Co.* v. *Pechner*, 95 U. S. 183; *Bondurant* v. *Bondurant*, 103 U. S. 285,) hence we have to look to other sources for adjudications to aid us in arriving at a correct conclusion.

But on referring to the judgments of the inferior courts we find a conflict of opinion that tends rather to embarrass than to elucidate the problem. They are as wide apart as are the arguments of counsel in this case—Mr. Justice Bradley and others holding'that a case cannot be removed from a state to a federal court, under the act of 1875, unless the petition for its removal shows that the required diversity of citizenship existed at the commencement of the suit. *Houser* v. *Clayton*, 3 Wood, 273; *Beede* v. *Cheeney*, 5 FED. REP. 388; *Tapley* v. *Martin*, 116 Mass. 276; *Holden* v. *Ins. Co.* 46 N. Y. 1; *Ind. R. Co.* v. *Risley*, 50 Ind. 60. Whereas, Mr. Justice Wood and others hold that under the act the petition need not aver that the parties were citizens of different states at the time the suit was brought. If it shows the required citizenship when the petition is filed it will be sufficient. *Jackson* v. *Ins. Co.* 3 Wood. 413; *Curtin* v. *Decker*, 5 FED. REP. 385; 33 Ohio. St. 280; *Phœnix Life Ins. Co.* v. *Scattle*, 7 Cent. Law J. 398; Dillon, Removal of Causes, § 87.

These discordant decisions cannot be harmonized. It is, however, some mitigation to say that the conflict is confined to a difference of opinion touching the construction of the act of 1875. The controversy, thus restricted, is not as broad as the question in this case. We may concede the construction contended for in the line of decision first above referred to, to-wit: that a suit cannot be removed under the act of 1875 on the ground of a diversity of citizenship of the parties, unless they were citizens of different states at the commencement of the suit; and yet it would not follow that such suit could be removed on that ground after parties had become citizens of the state in which the suit is pending.

The reason for this is obvious. The national government is a government of defined and limited powers, and cannot lawfully exercise any authority except such as is expressly or impliedly conferred by the constitution. Its judicial powers are especially and specifically enumerated in that instrument. Among others, it is invested with jurisdiction of all controversies in law and equity between citizens of different states, to execute which congress has, from 1789 to 1875,

enacted statutes authorizing and providing for the removal of such cases from state to federal courts, which statutes have been uniformly recognized as valid and enforced by the courts. But no one contends that the federal courts can be authorized to divest a state court of its jurisdiction, once regularly acquired, of a suit between citizens of the same state, unless it involves title to lands claimed to have been acquired from different states, or affects ambassadors, ministers, or consuls, or is a case arising under the constitution or a law of the United States. Any statute professing to authorize such a transfer of such suit would be an encroachment upon the reserved rights of the state, in conflict with the national constitution, and void. And yet this is, in effect, the principle contended for in this case. It is true, the plaintiff and defendant were citizens of different states when the suit was begun, and it is clear that as long as this diversity of citizenship continued the suit was removable under said act; and had defendant availed himself of his right to remove it in time, the jurisdiction of this court could not have been divested or its efficiency impaired by any subsequent action of the plaintiff. But defendant took no steps for its removal until after the plaintiff became a citizen of Ohio. We think his application for the removal came too late. The act of 1875 is not susceptible of the construction contended for by defendant. If it was so expressly provided upon its face, it would, to that extent, exceed the constitutional authority of the legislative department, and would, therefore, be void.

The case will be remanded and judgment entered against defendant for the costs of this court.