Continental Life Insurance Company v. Kessler.

———◆———

No. 9311.

CONTINENTAL LIFE INSURANCE COMPANY v. KESSLER.

LIFE INSURANCE.—*Application for Insurance Made Part of Policy.*—*Complaint.*—*Exhibit.*—The complaint upon a policy of insurance need not set out a copy of the application though by the terms of the policy made a part thereof.

PRACTICE.—*Motion for New Trial.*—*Continuance.*—The ruling upon an application for a continuance must be made a cause for a new trial, else the error, if any, is waived.

SAME.—*Application for Transfer of Cause to Federal Court.*—An application to transfer a cause to the Federal Court on account of the citizenship of the parties should be made at the first term at which the cause could by law be tried; after a continuance to a second term it is too late.

From the Noble Circuit Court.

*J. Buchanan,* for appellant.

*A. A. Chapin,* for appellee.

Woods, J.—The appeal is from a judgment upon a policy of insurance upon the life of the appellee's wife, a copy of which policy was filed with the complaint as the basis of the action.

The policy contains the following clause:

"*Provided* always, and it is hereby declared to be the true intent and meaning of this policy, and the same is granted by the company and accepted by the assured, upon the following express conditions and agreements:    *    *    *

"*Second.* That the answers, statements and declarations contained in or endorsed upon the application for this insurance, which application is hereby referred to and made a part of this contract, as is fully herein recited, and upon the faith of which this agreement is made, are warranted by the assured to be true in all respects, and that if this policy has been obtained by or through any fraud, misrepresentation or concealment, it shall be absolutely null and void."

The complaint contains an allegation of full performance of all the conditions of the policy, both by the appellee and by his wife, upon whose life the policy was issued.

The appellant demurred to the complaint for want of facts stated sufficient to constitute a cause of action, and now insists that the demurrer should have been sustained because a copy of the application for the insurance was not filed with the pleading.

The question thus raised has already been decided adversely to the appellant, and we are not inclined to reconsider the ruling.    *Mutual Benefit Life Ins. Co.* v. *Cannon,* 48 Ind. 264; *Commonwealth Ins. Co.* v. *Monninger,* 18 Ind. 352.

It is alleged that the court erred in refusing a continuance of the cause; but the ruling was not made a cause for a new trial, and is, therefore, not available on appeal.    *Hughes* v. *Ainslee,* 28 Ind. 346; *Carr* v. *Eaton,* 42 Ind. 385.

The remaining question is whether the court erred in refusing to grant the petition of the appellant for the removal of the cause to the Federal Court.

The record shows that the action was commenced for the October term, 1880, of the court, at which term the appellant, in obedience to process duly served, appeared and demurred to the complaint; whereupon the cause was continued. At the ensuing January term, 1881, the demurrer was overruled and the appellant ruled to answer. Afterwards, at the same term, the appellant filed an affidavit and moved for a continuance, which, being denied, the petition and bond for removal of the cause was presented, the removal being asked on the ground that the appellant was a non-resident of the State, the appellee being a resident. Objection was made to the removal on the grounds that the bond had been materially altered since it was signed by some of the sureties, and that the sureties were not responsible. The court, upon a hearing of evidence on the subject, found that the bond had been materially altered, and that the evidence was not satisfactory of the sufficiency of the sureties on the bond, and overruled the petition.

The further point is now made by the appellee that the application for the removal came too late, it being insisted that the petition should have been presented at the October term, 1880, when, by law, the cause might first have been tried.

In the case of *Sharp* v. *Gutcher*, 74 Ind. 357, may be found a reference to the successive enactments and compilations of the laws passed by Congress on this subject. In that case it was said: "When the cause for removal is on account of citizenship alone, the time for filing the petition is controlled by the act of 1875. When the cause is for citizenship and prejudice, or local influence, the time for filing the petition is controlled by the third subdivision of the said 639th section of the second * * revision of 1878," and the application in that case, being on account of prejudice, was held to be in time, because filed before the commencement of the trial.

The application in this case is governed by the provision in the act of 1875 which authorizes the party to " make and file a petition in such suit in such State court before or at the term

Continental Life Insurance Company *v.* Kessler.

at which said cause could be first tried and before the trial thereof."

This, according to the plain purport of the words, has been judicially determined to mean "the term at which, under the legislation of the State, and the rules of practice pursuant thereto, the cause is first triable, *i. e.*, subject to be tried on its merits, not necessarily the term when, owing to press of business or arrearages, it may be first reached in its order for actual trial;" .or, as stated by Chief Justice WAITE, in *Babbitt* v. *Clark*, 103 U. S. 606, "the election must be made at the first term in which the cause is in law triable." *Murray* v. *Holden*, 1 McCrary, 341; *McLean* v. *St. Paul, etc., R. W. Co.*, 17 Blatchf. 363; Dillon Removal of Causes (3d ed.), p. 78, section 64.

Judgment affirmed, with costs.

### ON PETITION FOR A REHEARING.

WOODS, J.—It is earnestly contended that the complaint is demurrable for want of a copy of the application for the insurance, which by the terms of the policy is declared to be a part of the contract; and it is insisted that the cases referred to in the principal opinion are not in point, if well decided, because the policies declared on in those cases contained only a reference to the applications, without any express statement that the applications were made parts of the policies. Conceding the difference suggested, we do not deem it material to the question of pleading, because, whether there be an express declaration in the policy that the application is made a part of it, or only a reference in the policy to the application, the two papers in legal effect constitute the evidence of one contract and must be read together. As is shown in the case of *Commonwealth Ins. Co.* v. *Monninger, supra*, there will be this difference in the legal consequences: that if the application is expressly made a part of the policy, the statements and conditions of the application will be deemed warranties; while if merely referred to, they will constitute representations only.

Indeed, the rule is familiar that different instruments made at one time between the same parties, and in reference to the same transaction, may, and often must, be read together as one instrument, although there may be no reference in one paper to the other; and if, where there is an express reference in the instrument declared on, the failure to give a copy of the paper referred to is cause for demurrer, it must logically follow that when there is no reference to the contemporaneous instrument, it will be a good answer to aver simply the existence of such instrument and its connection with the one declared on, without showing its terms to be relevant and material to the relief sought by the plaintiff; or, instead of pleading thus specially, the defendant might go to trial upon the general issue, and defeat the action by showing that the plaintiff had not sued upon the real and entire contract.

The common law practice required the pleader to state only the legal effect of the contract upon which he sought to found his action or defence. The code was designed to simplify the practice by eliminating burdensome and technical formalities of pleading. When the legal effect only of a contract was alleged, the action often failed on account of a variance between the proof and the allegation, and hence the provision of the code which requires that "When any pleading is founded on a written instrument or on account, the original, or a copy thereof, must be filed with the pleading." R. S. 1881, section 362. But if, in declaring upon an instrument, an exhibit must also be made of all other documents or papers referred to as a part, or which upon legal principles may be claimed to constitute a part of the contract, it may well be doubted whether in this respect the code has not failed of its purpose.

The needlessly burdensome consequences which must follow the adoption of such a rule are well illustrated by insurance policies, which, besides numerous conditions endorsed on the policies themselves, often, if not generally, contain a reference, not only to the application, but to the charter of

the company and to a system or body of by-laws which are declared to be a part of the contract. For an example of this, see the case of *Cassaday* v. *American Ins. Co.*, 72 Ind. 95 ; and, also, the opinion of the court on the subject as there expressed, which is much in point ; see, also, *Shin* v. *Bosart*, 72 Ind. 105, and *Sperry* v. *Dickinson*, 82 Ind. 132.

It is apparent that it will not do to hold that merely because there is a reference in one paper to another, or because one is declared to be a part of another, therefore, it must be said to be in fact a part in such sense as that a copy of it must be given in a pleading founded on the latter. There must be a reasonable construction of the code in this respect ; and, as we think, the code itself indicates the proper practice.

In section 120, R. S. 1881, section 370, it is provided that, " In pleading the performance of a condition precedent in a contract, it shall be sufficient to allege, generally, that the party performed all the conditions on his part. If the allegation be denied, the facts showing a performance must be proved on the trial."

This makes the practice simple. The plaintiff sues upon the obligation, as evidenced by the contract or instrument made and delivered to him, and if it contains conditions on his part, or a reference to a collateral paper or contract which may contain conditions necessary to have been performed by him, he must allege that performance generally, and unless then the performance thereof be denied, no proof on the subject is required ; and, in such a case, it would be inexcusable if the law or practice required the encumbering of the record with copies of the papers referred to ; but if the defendant desires to make an issue in reference to any warranty or condition contained in such paper, which it may be presumed will ordinarily be in his possession, he may set it up in an answer and deny the performance thereof by the plaintiff, and so put the plaintiff to the burden of "showing a performance" by proof on the trial.

There may possibly be cases where the frame of the instru-

ment sued on will be such that the other papers referred to as parts of it must be exhibited in order to afford an intelligent understanding of the contract and to show that a cause of action exists, notwithstanding a general averment that the plaintiff had performed the conditions on his part, and in such case, as in any case where the facts averred do not show a right of action, the demurrer should be sustained; but such case, if conceivable, should be deemed an exception to the rule.

We therefore hold that the policy delivered to the assured· is the "written instrument" on which, within the meaning of the code, the action is founded, and that it was not necessary to set out a copy of the application in this case.

Rehearing denied.

NIBLACK, J., dissents.