Filed Oct. 20, 1883.

No. 10,446.

## COMBS v. NELSON.

MORTGAGE.—*Deed.—Agreement.—Recording. — Title.—Equity.*—A., holding land by certificate of purchase from a commissioner appointed to sell, assigned the certificate to B., as security for a debt to B., with agreement that B. should take a deed in his own name and hold the title as security.

*Held*, that the transaction had the effect of a mortgage from A. to B., which the latter could foreclose against a grantee of a purchaser from the administrator of A.

*Held*, also, that an answer that the deed to B. was not recorded, and that without notice of the deed the defendant purchased, was bad on demurrer.

*Held*, also, that it is the legal title only, and not a mere equity, that is protected against a deed not recorded.

PRACTICE.—*Removal of Cause to U. S. Court.*—Without a bond conditioned as required by the act of Congress, a cause can not be removed from a State court to the U. S. Circuit Court.

From the Posey Circuit Court.

*E. M. Spencer* and *H. C. Pitcher*, for appellant.

*W. P. Edson*, *A. P. Hovey* and *G. V. Menzies*, for appellee.

BICKNELL, C. C.—This was a suit by the appellee against the appellant and Julia, his wife, to foreclose a mortgage.

The complaint averred that the appellee, in 1872, bought land at a commissioner's sale and paid for it and took a certificate of purchase; that in 1873 he assigned the certificate to

Samuel Nelson; that in 1875 said Samuel Nelson was indebted to the appellee in the sum of $579.10; that to secure said indebtedness said Samuel surrendered and delivered to the appellee the said certificate, with an agreement that the appellee should take the commissioner's deed thereon in his own name as security for said indebtedness; that the appellee accordingly, in November, 1875, received such deed from said commissioner; that afterwards Samuel Nelson died; that said indebtedness is still unpaid; that the administrator of said Samuel sold the land to Julia Dean, who afterwards married the appellant; that she and her said husband sold the land to Henry C. Pitcher, who reconveyed it to the appellant.

At the August term, 1881, said defendants jointly demurred to the complaint, for want of facts sufficient. Their demurrer was overruled. The complaint was then amended by making Inez Dean a codefendant. On the first day of the November term, 1881, the defendants Julia Combs and Inez Dean filed a disclaimer.

On the second day of said November term the appellant filed a verified petition for the removal of the cause to the circuit court of the United States, for the reason that the parties were citizens of different States, the appellant being then, and having been at the commencement of the suit, a resident of Texas. This petition was overruled.

The appellant then answered in two paragraphs, to wit:

1. The general denial.

2. Admitting the execution of the deed to the appellee by the commissioner, and averring that said deed was not recorded until 1881, and that in 1880 said Julia Dean bought the land from said Samuel Nelson's administrator without notice of said deed, and that before said deed was recorded, she and the appellant, whom, in the mean time, she had married, conveyed the land to Henry C. Pitcher for a valuable consideration, and that the appellant, without notice of said deed, repurchased the land from said Pitcher on November 5th, 1880.

The appellee's demurrer to the said second paragraph of

answer was sustained. The appellant then withdrew the general denial, and refused to amend said second paragraph, and final judgment was rendered for the appellee, foreclosing the mortgage.

The appellant assigns errors as follows:

1st. Overruling the demurrer to the complaint.

3d. Sustaining the demurrer to the second paragraph of the answer.

2d. Overruling the petition for the removal of the cause.

4th. Taking the complaint of the plaintiff as confessed and rendering a decree upon said complaint *pro confesso*.

Under the fourth specification of error, the appellant, in his brief, suggests that a valid final judgment could not be rendered upon the demurrer to the second paragraph of the answer while the general denial was in. But the record, as corrected upon *certiorari*, shows that the general denial was withdrawn, and that after the demurrer to the said second paragraph was sustained, the complaint was taken as confessed and due proof made. There was no error in this respect.

The only objection urged against the complaint under the first specification of error is, that it shows an attempted conveyance of real estate by parol, which is void by the statute of frauds. R. S. 1881, section 4904. But the complaint does not show a contract for the sale of lands; it states a valid mortgage. *Butcher* v. *Stultz*, 60 Ind. 170; *Hayworth* v. *Worthington*, 5 Blackf. 361 (35 Am. Dec. 126). There was no error in overruling the demurrer to the complaint.

As to the second specification of error, there can be no removal of a cause from a State court to the circuit court of the United States, on the ground that the parties are citizens of different States, without such a petition and bond as the statutes of the United States require.

The question whether the application for removal is sufficient under the statute, is within the jurisdiction of the State courts. *Indianapolis, etc., R. W. Co.* v. *Risley*, 50 Ind. 60;

*Baltimore, etc., R. W. Co.* v. *New Albany, etc., R. R. Co.*, 53 Ind. 597; *McWhinney* v. *Brinker*, 64 Ind. 360; *Sharp* v. *Gutcher*, 74 Ind. 357. The application in this case was governed by the act of March 3d, 1875, Acts U. S. 1875, p. 471, section 3. The revision of the statutes of the United States, adopted in 1878, is only *prima facie* evidence, and does not control in case of discrepancy the effect of any original act as passed by congress since the 1st day of December, 1873. 20 U. S. Stat. At Large, p. 27; *Sharp* v. *Gutcher, supra.*

Section 3 of the act of 1875, *supra,* is as follows: " That whenever either party, or any one or more of the plaintiffs or defendants entitled to remove any suit, * * shall desire to remove such suit, * * * he or they may make and file petition in such suit in such State court * * * * and shall make and file therewith a bond, with good and sufficient surety, for his or their entering in such circuit court, on the first day of its then next session, a copy of the record in such suit, and for paying all costs that may be awarded by the said circuit court, * * * it shall then be the duty of the State court to accept said petition and bond, and proceed no further in such suit," etc.

With the petition in the present case the following undertaking was filed:

" Whereas, Wm. F. Combs has petitioned the Posey Circuit Court, in the State of Indiana, for the removal of a certain cause therein pending, wherein William Nelson is plaintiff and said Wm. T. Combs is defendant, to the circuit court of the United States for the District of Indiana: Now, therefore, we undertake to pay all costs which may be awarded by said circuit court of the United States, provided said court shall hold that the suit was wrongfully or improperly removed thereto. Witness our hands and seals this 14th day of November, 1881.        (Signed)     WM. F. COMBS.

" JOHN GREGORY."

This undertaking was not sufficient; it omitted one of the essential conditions prescribed by the statute, to wit, that a

copy of the record should be filed in the circuit court of the United States on the first day of its then next session. There was no error in overruling the petition for removal.

The second paragraph of the appellant's answer presented no bar to the foreclosure of the mortgage. The appellant, and those under whom he claimed, had no equity as against the mortgage. There was nothing on record showing title in Samuel Nelson; the apparent legal title was in William Nelson, the appellee, but, in equity, that apparent legal title was, in effect, only a mortgage, and Samuel Nelson was the equitable owner of the land, subject to the mortgage. The sale by Samuel Nelson's administrator conveyed no more than Samuel himself could have conveyed; at such a sale there is no warranty, but the purchaser takes the interest of the decedent, whatever it may have been.

In *Wright* v. *Shepherd*, 47 Ind. 176, it was held that where A. held a certificate of purchase of canal lands, which he afterwards assigned and delivered to B., no interest in such lands descended to the heirs of A., and that a conveyance by such heirs to C. would pass no title. There, as in the present case, the assignee of the certificate had obtained a deed thereon; there, after the death of the assignor of the certificate, his heirs conveyed the land; here, after the assignor's death, his administrator conveyed the land; there the court held that the grantee of the heirs could not recover the land from one who acquired title through B., although the deed of B. was not placed on record within the time limited by law, and was not on record when the deed from the heirs of A. to C. was recorded. The court said, after the assignment of the certificate A. had no interest in the land. So, here, Samuel Nelson, after the making of the mortgage, had no interest that would descend to his heirs, except subject to the mortgage, and his administrator had nothing in the land to sell except as subject to the mortgage.

It was also held in the case just cited, that the law relating to the recording of deeds has no reference to equities, and that

the plaintiff in that case, having purchased what could under no circumstances have been more than an equity, could not claim the property, as against the holder of the legal title, merely because such holder had failed to record his deed within the time limited by the statute.

There was no error in sustaining the demurrer to the second paragraph of the answer.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

Filed Oct. 19, 1883.