No. 15,368.

MEIKEL ET AL. *v.* BORDERS.

GUARDIAN AND WARD.—*Order of Sale of Ward's Realty.—Collateral Attack Upon.*—Where a court, having jurisdiction over the subject-matter and the parties, orders a sale of the wards' land upon a petition filed by their guardian, and approves the same, it can not be collaterally attacked because of certain irregularities in the proceedings whereby the land was sold for less than the amount of the appraisement.

SAME.—*Acquiescence in Sale.*—Persons claiming an adverse title under the ancestor can not, if the wards permit the sale to stand, attack it because of irregularities in the proceedings, as they are not injured thereby.

VENDOR AND PURCHASER.—*Failure to Record Deed.—Bona Fide Purchaser.*—Where a deed is not recorded within the time provided by sections 2926 and 2931, R. S. 1881, a subsequent purchaser for value and in good faith from the original grantor or his heirs acquires the better title.

SAME.—*Bona Fide Purchasers.—Quitclaim Deeds.*—A grantee of land by a warranty deed, who acts in good faith and without notice, is entitled to protection as a *bona fide* purchaser, notwithstanding the fact that his grantor held by a quitclaim only.

From the Pulaski Circuit Court.

*E. P. Ferris, W. W. Spencer* and *J. S. Ferris,* for appellants.

*N. L. Agnew* and *B. Borders,* for appellee.

MILLER, J.—The appellee instituted this action to quiet his title to a tract of land in Pulaski county. The cause was tried by the court, and, at the request of the parties, the court made a statement of the facts and its conclusions of law upon them.

The facts found by the court that must be decisive of this case are, substantially, as follows :

That, on December 15th, 1871, Augustus D. Wood, who was the owner of the land in controversy, conveyed the same, by a general warranty deed, to Caroline M. Meikel, but the deed was not recorded until June 9th, 1885.

Caroline M. Meikel paid nothing for the land, and had no

personal interest in it, but held the same in trust for the use and benefit of Caroline L. Meikel, who died October 6th, 1879, leaving the appellants and Mary E. Meikel, who was the mother of the appellants, as her heirs at law; that on the 8th day of June, 1885, Caroline M. Meikel, with the knowledge and consent of Mary E. Meikel, conveyed the land by quitclaim deed to the appellants. This makes the chain of title upon which the appellants rely.

The appellee's chain of title is as follows:

Augustus D. Wood, under whom both parties claim title,. died January 1st, 1879, leaving a widow, Elizabeth D. Wood, and two minor children as his only heirs at law. On April 14th, 1881, his widow sold and conveyed an undivided one-third interest in the land by a quitclaim deed to Moses A. Diltz.

A petition was filed by the guardian of the Wood heirs in the Putnam Circuit Court, where they then resided, for the sale of their interest in this land. It was made to appear to the court that the taxes on the land amounted to $40.30, and the ditch assessments to $382.58; that such proceedings were had that on the 26th day of April, 1881, the guardian reported that the land had been appraised at $240, and that the taxes delinquent amounted to $40.30, and the drainage assessments were $382.58, and that he had sold the interest of his wards in the land at private sale, without notice, to Moses Diltz for $56.66, cash, subject to the tax and ditch assessments. This report was approved by the court, and the guardian authorized to make a deed to the purchaser, which was done, and the same was approved by the court and delivered. Moses A. Diltz caused both of these deeds to be recorded on May 18th, 1881; the land remained unenclosed from 1870 to 1881.

It is found that the purchaser at the guardian's sale represented the amount of the encumbrances resting upon the land to be much greater than the true amount, and that he consequently obtained his title for less than the appraised

value of their interest in the property; that on the 10th day of May, 1881, Moses A. Diltz sold and conveyed the land, by a general warranty deed, subject to ditch taxes and assessments, to the appellee for $450, of which sum $250 was paid in cash at the time of the conveyance, and the remainder in one and two years; that, when the appellee purchased the lands, he had no knowledge of the existence of the unrecorded deed, nor of the facts connected with the procurement of the guardian's deed, except so far as disclosed by the records, but was a *bona fide* purchaser, paying $450 for the land, which was its full value.

The conclusions of law deduced by the court from the foregoing facts, were:

" 1st. The irregularities in the proceedings upon the guardian's sale do not render the guardian's deed void, the court having jurisdiction over the subject-matter and the parties.

" 2d. Though notice of the existence of the unrecorded deed, and fraud in the procurement of the guardian's deed, might be inferred against Diltz, yet the plaintiff, being a *bona fide* purchaser for a valuable consideration, is not affected by these facts.

" 3d. The fact that Augustus D. Wood made a conveyance of this property to the defendants' grantors does not prevent the plaintiff, as a *bona fide* purchaser, for a valuable consideration, from acquiring a good title from the heirs of Wood as against the unrecorded deed of Wood; that the plaintiff is the owner of the land in dispute, and is entitled to have his title quieted as against the defendants, and to recover his costs."

We are of the opinion that the court did not err in any of its conclusions of law.

The record shows that the Putnam Circuit Court acquired jurisdiction of the proceedings to sell the land upon a petition by the proper guardian, and that each step was taken under its supervision, and the sale of the land and deed to Diltz were approved by the court. This judgment is con-

clusive when questioned collaterally. *Walker* v. *Hill,* 111 Ind. 223 (235) ; *Dequindre* v. *Williams,* 31 Ind. 444 ; *Worthington* v. *Dunkin,* 41 Ind. 515 ; *Davidson* v. *Koehler,* 76 Ind. 398 ; *Pepper* ·v. *Zahnsinger,* 94 Ind. 88.

Another reason why the appellants can not be the beneficiaries of the irregularities in the proceedings for the sale of the real estate by the guardian is the fact that they were not injured by them. The only defect pointed out in the proceedings is the failure to sell the land for its full value, or for the amount of its appraisement. This was a matter of concern for the Wood heirs, but not for the appellants. If the wards permit the sale to stand, the appellants will be compelled to content themselves therewith.

Counsel for the appellants suggest that the widow and children of Augustus D. Wood could convey no title to Diltz, because they had none to convey. This would entirely abrogate the provisions contained in the statute, sections 2926 and 2931, R. S. 1881, requiring conveyances to to be recorded within forty-five days from their execution, and providing that if they are not so recorded, they shall not be valid as against any subsequent purchaser, in good faith, and for a valuable consideration. No man owns land after he has conveyed it away. The widow and children of Wood had as much title to the land as he would have had if living. Neither could have any actual title, but they appeared to have one, and the grantee having failed to record her deed within the time limited, a good-faith purchaser from the original grantor or his heirs would obtain the better title. *Earle* v. *Fiske,* 103 Mass. 491 ; *Pierce* v. *Spear,* 94 Ind. 127 ; *Nitche* v. *Earle,* 88 Ind. 375.

It is also suggested that, inasmuch as the appellants had only an equitable title, therefore the failure to record the deed to Caroline M. Meikel could not affect their rights. The cases of *Wright* v. *Shepherd,* 47 Ind. 176, and *Combs* v. *Nelson,* 91 Ind. 123, do not sustain this position. They are both cases in which the persons under whom the parties

claimed title never held the legal title, and all that is decided is that the provisions of section 2931, *supra*, has no reference to equities.

In this case the title under which the appellee claims is the legal title. Also, the deed to Caroline M. Meikel not having been recorded, the appellee, if an innocent purchaser, is not chargeable with notice of such conveyance, nor of latent trusts behind it.

It is contended, mildly, that, the conveyance from Mrs. Wood to Diltz being a quitclaim, and the guardian's deed being in effect the same, the purchaser could not be a good-faith purchaser, so as to be protected against the unrecorded conveyance under which the appellants claim title.

The question thus presented is a troublesome one, which, although somewhat discussed in *Hastings* v. *Brooker*, 98 Ind. 158, has never been decided by this court. Outside of this State the authorities are said to be in a " distressing conflict." SPEER, J., in *Woodward* v. *Jewell*, 25 Fed. R. 689.

The weight of authority, particularly of the more recent cases, hold that when a party takes a quitclaim deed he is put upon inquiry as to the title ; that the very form of the deed indicates to him that the grantor has doubts concerning the title, and the deed itself is notice to him that he is getting only a doubtful title. In such cases it is held that a prior unrecorded deed will prevail against a subsequent quitclaim deed first recorded.

On the other hand, many eminent courts have held that a conveyance by a quitclaim, received in good faith and for a valuable consideration, first recorded, will prevail over such prior unrecorded deed. Fortunately the facts in this case do not require us to review or even cite the numerous cases bearing upon this question.

The finding shows that the appellee received a general warranty deed from his immediate grantor, and that he was a *bona fide* purchaser for full value, and without notice of

the unrecorded deed.    Such being the case, the law applicable is thus stated in a late work.    2 Warvelle Vendors, 616 :

" Section 14.    *Purchaser from grantee by quitclaim.*    Conceding the rule that where a person purchases from another who is willing to give only a quitclaim deed, he may properly be regarded as charged with notice of defects and outstanding equities in his grantor's title, it does not seem that this principle can be extended to a subsequent purchaser who takes from such grantee by a deed with warranty.    The subsequent purchaser, it may be presumed, pays what the parties deem the value of the property, and upon the assumption that he is acquiring a valid title.    It has been held, therefore, that he can not be affected by the mere fact that he takes through a quitclaim deed.    The justness of such a ruling is apparent without demonstration, for it is not unreasonable to suppose that quitclaim deeds occur in the lives of many titles where there are no outstanding equities.    If the rule were permitted to be extended it would tend directly to impair the selling value of all such property, and would operate to hinder improvements; and as it is the policy of the law that titles to real estate should become matters of certainty as far as possible, a person buying under such circumstances is presumptively a *bona fide* purchaser, and takes the title free from outstanding equities of which he had no notice."

This position is sustained by *Winkler* v. *Miller*, 54 Iowa, 476 ; *Snowden* v. *Tyler*, 21 Neb. 199 ; *Sherwood* v. *Moelle*, 36 Fed. R. 478.

In many of the cases deciding that a holder by a quitclaim deed can not be a *bona fide* purchaser, the words used limit the decision to cases where the quitclaim deed is given directly to the party claiming under it.    *Johnson* v. *Williams*, 37 Kan. 179.

In this case it appears that two-thirds of the land was conveyed to the appellee's grantor by a guardian's deed, which was an effectual conveyance of the land, and the re-

ceipt of which raised no presumption of any infirmity in the title. The quitclaim of the widow conveying the residue to the purchaser at the guardian's sale may fairly be presumed as a conveyance of the land itself, and not simply the vendor's chance of title, within the doctrine of *Garrett* v. *Christopher*, 74 Tex. 453.

The court did not err in its conclusions of law.

Judgment affirmed.

Filed Nov. 17, 1891.