Sullivan, J.
Fletcher brought an action of assumpsit against Sutton and Bell, and declared ip the first count on a promissory note made by them to one Ferriter, and by him assigned to the plaintiif. The second count was for goods sold, money paid, laid out, and expended, &c. Plea, the general issue. The facts were as follows, viz.: Ferriter, the assignor of the plaintiff, on the 9th of December, 1840, loaned to Sutton, at the solicitation of the latter two $50.00 Indiana treasury notes. The agreement was, that the borrower should pay ten per cent, per annum on the sum loaned; One O’Brien, who'was present when the loan was made, was requested to draw a note according to their agreement to be *388 signed by Sutton, and Bell as his surety. He drew a note for *$104 with interest at the rate of six per cent, per annum, aay'mg that it was the same as if drawn for $100 at ten per cent. The note was accordingly executed by Sutton and Bell, and is the same that is set forth in the first count of the plaintiff’s declaration.
The testimony with regard to the value of the treasury notes was conflicting. ■ There was proof that at the time the-loan was made, such notes were selling at a discount of ten and fifteen per cent.; there was proof also that they had often passed at par in the payment of debts and “ ordinary-business transactions,” and that they were ofteu loaned at .six and ten per cent, interest.
No instruction was asked from the Court. Verdict for the plaintiff; motion for a new trial overruled, and judgment on the verdict, except as to the sum of $2.30, which was remitted by the plaintiff. The only question was whether the note was tainted with usury.
Eor the plaintiffs in error, it is contended that this case is similar to the case of The Bank of the U. S. v. Owens, 2 Peters, 527, where, on a note discounted by the bank reserving interest at the rate of six per cent., the proceeds of the discount were, by agreement between the parties, received in the depreciated notes of the bank of Kentucky at their nominal- value, the contract was declared to be usurious. If this case aud the case referred to were alike, we should have no doubt of the illegality of the consideration of the note in question. The cases, however, are essentially different. In The Bank of the U. S. v. Owens, the facts that there was an agreement between the parties to receive depreciated paper at its nominal value in payment of the proceeds of the discounted note, and that such depreciated paper was actually paid out and received pursuant to the agreement, were" admitted by the demurrer to the plea. In this case it is denied that the notes loaned were, at the time of the contract, of less than their nominal value. The testimony was contradictory, and as it has been weighed and *389 ■decided upon by the proper tribunal, we think we should regard the verdict of the jury as conclusive in the ease, that the loan was not made in depreciated paper.
W. Quarles, and H. Brown, for the plaintiffs.
C. Fletcher, 0. Butler, and S. Y andes, for the defendant.
*It is further insisted, that even admitting the notes loaned to be of the value they purported to be, the note sued on being for $104 with six per cent, interest, exceeded ten per cent, per annum on the sum loaned, and was therefore usurious.
It appears from the testimony thatthenote was not drawn by either of the contracting parties, but by a stranger, and that it was written in the terms in which it is expressed from a mistake of his in calculating the interest. In order to bring a contract within the statute of usury, there must be a corrupt intention in the contracting parties, for if it be made usurious by mistake, that shall not prejudice the parties, for the intent is essential to the usury. Nevison v. Whitley, Cro. Car., 501; Glassfurd v. Laing, 1 Camp., 149; 1 Hawk. P. C., 247, sect. 17; 1 B. & P., 151, 154; Comyn on Usury, 16. We think the jury were authorized from the testimony, to find that the note was so written from miscalculation, and not to cover a usurious contract.
Per Curiam.—The judgment is affirmed, with three per cent, damages and costs.