## DAVIS *v.* LANE.

Debt brought on a judgment of a Court of another state. The declaration followed the ordinary form in debt on a domestic judgment of a Court of record, and, after describing the judgment, said, " as by the records and proceedings thereof remaining in said Court fully appears," &c. *Held*, that it was shown substantially that the Court rendering the judgment was a Court of record.

The judgment of a Court in any one of the states has the same faith and credit that it has in the state where it was rendered.

*Nil debit* cannot be pleaded to a suit on the judgment of a Court of another state.

*Thursday,*
*May 29.*

ERROR to the *Posey* Circuit Court.

BLACKFORD, J.—This was an action of debt, brought by *Lane* and one *Thomas* against *Davis*, on the judgment of a Court in another state.

The declaration is to the following effect: For that whereas the plaintiffs, heretofore, to-wit, at the *May* term of the Circuit Court for the county of *Claiborne*, and state of *Mississippi*, held at *Port Gibson*, in said county, on, &c., by the consideration and judgment of said Court, recovered against the defendant the sum of 142 dollars and 80 cents, the sum above demanded, which, in and by said Court, was then and there adjudged to the plaintiffs for their damages which they had sustained by reason of the non-performance by the defendant of certain promises and undertakings then lately made by the defendant to the plaintiffs, and also their costs and charges by them about their suit in this behalf expended, which costs and charges amount to, &c., whereof the defendant was convicted, as by the record and proceedings thereof remaining in said Court fully appears; which judgment remains in full force, &c. Whereby an action hath accrued, &c.

Plea, *nil debit*.  General demurrer to the plea, and judgment for the plaintiffs, one of whom has since died.

The defendant contends that the declaration does not aver that the judgment sued on was rendered by a Court of record, or by a Court having jurisdiction of the person of the defendant; and that, therefore, *nil debit* was a good plea.

The declaration is in the ordinary form in debt on a domestic judgment of a Court of record.  2 Chit. Plead. 482.  It describes the judgment of the Court, and then says " as by the record and proceedings thereof remaining in said Court fully appears," &c.  We think, therefore, that it is shown substantially, that the Court rendering the judgment was a Court of record.  The circumstance that the declaration does not show, in express terms, that the Court had jurisdiction of the person of the defendant, can be no ground for the plea of *nil debit*. That plea is only admissible where the suit is founded on a matter of fact.  The foundation of the present suit is a judgment of a Court of record in *Mississippi*.  Had the suit been brought in that state, the defendant could not have pleaded *nil debit*, because the common law, which must be presumed to be in force there, does not permit such plea to a suit on a record.  By the constitution of the *United States*, and an act of congress of 1790, the judgment of a Court in any one of the states has the same faith and credit in the other states that it has in the state where it was rendered.  Const. U. S. Art. 4, s. 1.— 1 U. S. Stats. at Large, 122.  The judgment before us, therefore, being matter of record in *Mississippi*, must be treated as matter of record here; and the general issue to the suit is, not *nil debit*, but *nul tiel record*.

The Supreme Court of the *United States* long since decided that *nil debit* could not be pleaded to a suit on the judgment of a Court of another state.  *Mills* v. *Duryee*, 7 Cranch, 481.—*Hampton* v. *McConnel*, 3 Wheat. 234. That Court recently referred to those cases and said that the language of the Court in *Mills* v. *Duryee* does not admit of the interpretation that a plea, not denying the

judgment, but which resists it upon the ground of a re-lease, payment, or a presumption of payment from the lapse of time, may not be pleaded. The Court said also, at the same time, that the decision in *Hampton* v. *McConnel* was not intended to exclude such defences as those first mentioned, or such as inquire into the jurisdiction of the Court which rendered the judgment. *McElmoyle* v. *Cohen*, 13 Peters, 312. That case does not interfere with the previous decisions of the Court against the plea of *nil debit*, on general demurrer, in suits like the present.

Were the plaintiff compelled, in these cases, to join issue on the plea of *nil debit*, the defendant would have the right to prove that the judgment sued on ought not to have been rendered, on the ground that the cause of action had not been established. There would, on such issue, be a re-trial of the merits of the original suit, which is certainly not allowable.

This decision accords with the opinion expressed by the Court in *Holt* v. *Alloway*, 2 Blackf. 108.

*Per Curiam.*—The judgment is affirmed with costs.

*A. P. Hovey*, for the plaintiff.

*J. Pitcher*, for the defendant.