### BUCHANAN *v.* PORT.

*Nil debet* can not be pleaded to a suit on the judgment of a court of another state.

It was not requisite to the validity of a pleading in denial of the execution of a written instrument, under the R. S. 1843, that it should be verified by oath.

Such a pleading, when not thus verified, did not impose upon the adverse party the proof of the execution of the instrument.

Debt upon a judgment rendered in *Pennsylvania*. Plea, that the defendant was not, at the commencement of the suit in which the recovery was had, in said state, nor had he been there at any time since; that he never entered his appearance to said action, nor authorized any person to appear on his behalf; and that all the proceedings, &c., were had without any notice to him, and without his knowledge, &c. Replication, that said judgment was not recovered against the defendant without his knowledge and without notice to him, in manner and form as in said plea alleged, &c. Special demurrer assigning, 1. That the replication did not traverse or avoid the plea; 2. That it was argumentative; 3. That it left material parts of the plea unanswered. *Held*, that the replication was sufficient.

The granting of an order for a change of venue did not, under the R. S. 1843, divest the Court granting it, of jurisdiction of the cause; but the cause might be reinstated on the docket, if the expenses incident to the removal were not paid.

ERROR to the *Cass* Circuit Court.

DAVISON, J.—Debt by *Port* against *Buchanan*. The declaration contains three counts, each upon a judgment of the Court of Common Pleas of *Huntington* county, *Pennsylvania*. Demurrers were sustained to the first and second counts. To the third the defendant below pleaded six pleas. The first, second and third led to issues of fact. The fourth, fifth and sixth are as follows:

Fourth. That after the supposed recovery, *Port* executed to the defendant a certain release, under his seal, whereby he released to the defendant all demands, &c.,

which release the defendant hath lost, and can not produce the same, &c.

Fifth. That the defendant was not, at the time of the commencement of the suit in which said recovery was had, in the state of *Pennsylvania;* nor has he been there at any time since; that he never entered his appearance to said action, nor did he authorize any person to appear on his behalf; and that all the proceedings in said Court relative to the commencement and pendency of said suit, and the recovery therein, were had without any notice whatever to him, and without his knowledge, &c.

Sixth. That the defendant does not owe the said sum of money, in manner and form as alleged, &c.

*Port* replied to the fourth and fifth pleas, and to the sixth he filed a general demurrer. This demurrer was correctly sustained. It has been held, that "*nil debet* can not be pleaded to a suit on the judgment of the Court of another state." *Davis* v. *Lane,* 2 Ind. 548. That case is fully supported by authority, and is decisive of the point under consideration. *Mills* v. *Duryee,* 7 Cranch 481.— *Hampton* v. *McConnel,* 3 Wheat. 234.

The replication to the fourth plea avers, that *Port* did not execute his release to the defendant, whereby he released him of all demands, &c. The defendant demurred specially to this replication, and for cause assigned, that it was not sworn to. The demurrer was overruled. The statute which requires a replication to be verified by oath, when it denies the execution of a release, does not render such replication invalid because it is not sworn to. It may be well pleaded without oath; though it would, when so pleaded, excuse proof of the execution of the release. R. S. 1843, c. 40, s. 216.—4 Blackf. 417.—1 McLean 414. The replication to the fourth plea is, therefore, not demurrable. The following is the replication to the fifth plea:

And the plaintiff comes, &c., and says, *precludi non,* because he says (protesting the appearance to said suit) that said judgment was not recovered against the defendant without his knowledge and without notice to him, in manner and form as in said plea alleged, &c.

A special demurrer to this replication was also overruled. In support of the demurrer, three causes are stated: 1. That the replication does not traverse or avoid the plea. 2. That it is argumentative. 3. It leaves material portions of the plea unanswered.

None of these causes are well assigned. The plea avers that the judgment sued on was given against the defendant without notice of the suit in which it was rendered. This averment was material and set up a valid defence to the action. Upon that averment, the plaintiff, by his replication, took issue. And that issue was no doubt well taken by a common traverse.

It appears by the record, that the Court, at the *August* term, 1849, upon the defendant's motion, ordered the venue in this cause to be changed to the *Marshall* Circuit Court. But the expenses incident to such change, never were paid into the hands of the clerk of the Court where the cause originated; nor were the papers in the suit ever transmitted to the said Circuit Court. The case, at a subsequent term, was, on motion, reinstated on the docket and continued. At the term to which the suit was continued, it was tried by a jury. A verdict was given for the plaintiff, and a judgment rendered on the verdict. The defendant did not appear to the motion to reinstate the suit, nor was he present at the trial.

It is contended that the jurisdiction of the *Cass* Circuit Court over the case ceased, when the order granting the change of venue was made, and that, therefore, the judgment is erroneous. We are not of that opinion. The Court granting such order does not part with its jurisdiction until the expenses attending the removal of the cause are paid. Until that is done, the clerk of the Court may not deliver the papers out of his office. R. S. 1843, c. 49, s. 5. The seventh section of the same chapter provides, that " The venue shall in no case be changed, unless the party who prays the same shall deposit the order of the Court," &c., "and also the necessary expenses attending the removal, with the clerk having custody of the papers, at least

thirty days before the term of the Court to which such suit shall be sent for trial."

May Term,
1854.

These provisions of the statute were not complied with, nor was the case ever removed from the *Cass* Circuit Court. It follows that when this suit was tried, the parties, as well as the cause, were properly within the jurisdiction of that Court.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*D. D. Pratt*, for the plaintiff.

*H. P. Biddle* and *B. W. Peters*, for the defendant.