# IN GENERAL TERM, 1874.

JOHN E. RISLEY *v.* THE INDIANAPOLIS, BLOOMINGTON AND WESTERN RAILWAY COMPANY, Appellant.

JURISDICTION OF COURT.
JUDGMENT— *Credit to be given to.*
REMOVAL OF CAUSES TO FEDERAL COURT.
NIL DEBIT—*Plea of.*

The plea of *nil debit* can not be pleaded to a suit upon the judgment of a court of another State.

If a court has jurisdiction of the parties and of the subject-matter of the suit, and proceeds to render judgment, though errors and irregularities are committed, full faith and credit must be given to that judgment in all collateral proceedings thereon in other courts.

It is not enough that the court had jurisdiction at the commencement of the action, and during a portion of the proceedings; the jurisdiction must continue to the end. If it is clearly shown, that at any stage of the proceedings the jurisdiction of the court was lost, all subsequent proceedings would be void.

Under the act of Congress for the removal of causes from State to United States Courts, whenever an application for such removal is made, and it is shown to be one embraced by the act, and that the party seeking the removal has complied with the required conditions, it is the duty of the State court to proceed no further in the suit. All other proceedings are *coram non judice.* A judgment thereafter rendered in the State court would be without authority, and void.

BLAIR, J.—This is a suit by the plaintiff upon a judgment recovered against the defendant in the Supreme Court for the city, and county of New York. A transcript and copy of the record and judgment is made part of the complaint.

Risley *v.* The Indianapolis, Bloomington and Western Railway Co.

An answer in three paragraphs was filed, the second and third of which were subsequently withdrawn, and an amended third paragraph, and also additional paragraphs four and five filed. The first paragraph of answer alleges that the defendant *does not owe the said sum of money demanded, or any part thereof, in manner and form as the plaintiff hath thereof above complained ; wherefore, &c.* The amended third paragraph of answer alleges that the defendant, being the sole defendant in the cause in which the judgment was obtained, and being a corporation organized under the laws of the State of Indiana, and owning and operating a railroad in said State, and having no corporate existence in the State of New York, and being in no way a citizen, or resident of said State, and the plaintiff Risley having commenced his suit against the defendant in said State of New York, in the Supreme Court thereof, for the county and State of New York, he, then and there, being a citizen of said State, and the amount involved, or the sum demanded in said suit exceeding the sum of five hundred dollars, exclusive of costs, the defendant before the trial and final hearing of the cause, to wit, on the 24th day of June, 1870, filed in said Court her petition and affidavit for the removal of said cause into the next term of the Circuit Court of the United States to be held in the Southern District of New York, that being the District within which the said Supreme Court was then and there being held, and then and there offered and tendered to said Supreme Court, good and sufficient surety for entering in said Circuit Court of the United States on the first day of the next ensuing session copies of the process against her, and of all pleadings, depositions, testimony, and other pleadings against, or affecting, or concerning her, then pending in said Supreme Court and for the defendant then appearing in said Circuit Court of the United States, and entering special bail in said cause, if special bail was originally

required of her of all which the plaintiff had due notice. The answer then further alleges, that it then and there became the duty of the Supreme Court of the State of New York to accept the surety, and proceed no further in the cause, that the jurisdiction of that Court then and there terminated, and the cause should have been certified to the Circuit Court of the United States, but the Supreme Court then and there denied the petition of the defendant, and refused to accept the surety, though the same was not objected to, and then and there, without authority of law, and over the objection of the defendant, and without any jurisdiction of the cause, by reason of the premises aforesaid, proceeded with said cause, and on the 4th day of December, 1871, rendered the judgment set out in the complaint, wherefore defendant says that all of the proceedings after the filing of his petition and tender of surety were void, and the judgment of said Court void, &c. Copies of the petition of the defendant, and the affidavit, bond and surety filed, and tendered in the Supreme Court of the State of New York, are filed with the answer.

The fourth paragraph is substantially the same, except that it avers that the defendant is a corporation organized under, and by virtue of the laws of the State of Illinois. The fifth is also the same, except that it alleges that the defendant is a corporation organized in pursuance of the laws of the State of Indiana, and Illinois, and formed by the consolidation of a corporation duly organized under the laws of the State of Illinois, in pursuance of the laws of said States in that behalf provided, and running and operating a railroad within the limits of said States, and having no corporate existence in the State of New York. Demurrers were sustained to each paragraph of the answer, and the defendant declining to answer further, judgment was rendered for the plaintiff. The defendant appealed to Gen-

eral Term, and the rulings of the Court in sustaining the demurrers are assigned as errors. The first paragraph of the answer is the common law plea of *nil debit.* It has been held in some States where the common law practice prevails, that in a suit upon a judgment rendered in another State, this plea is good, and the party might, under such plea, show that the Court rendering the judgment had no jurisdiction of his person. Such was the ruling in the case of *Hall* v. *Williams and others,* 6 *Pick.,* 232, cited by counsel. The rulings upon this point have not, however, been uniform, even under the common law practice. *Warren* v. *Flagg,* 2 *Pick.,* 446, *notes.* Under the code a copy of the judgment and proceeding must be made a part of the complaint, and the language used by the Court in the case of *Hall* v. *Williams, supra,* shows clearly that the plea of *nil debit* can serve no purpose as a defense under the code. It is said there, " that on an issue formed on that plea, if it appears that the Court rendering the judgment had jurisdiction, the record is conclusive evidence of the debt." It cannot be that a plea which does not deny the record, but which rests upon the ground of a payment, &c., can be held to be a good answer under the code. Our Supreme Court has, however, expressly ruled upon the question, and held that *nil debit* cannot be pleaded to a suit upon the judgment of a Court of another State. *Davis* v. *Lane,* 2 *Ind.,* 548 ; *Buchanan* v. *Puit,* 5 *Ind.,* 264. So in the Supreme Court of the United States, *Mills* v. *Dwyer,* 7 *Cranch.,* 481 ; *Hampton* v. *Connell,* 3 *Wheat.,* 234. The ruling of the Court in sustaining the demurrer to the first paragraph of answer is, therefore, fully sustained by authority as well as by the general principles, and rules of pleading under the code. We come then to consider the question raised by the other paragraphs of the answer, they each presenting the same question. It is claimed by the defendant that having availed herself of the

privilege given by the act of Congress by filing a petition to have the suit removed from the Supreme Court of the State of New York to the Circuit Court of the United States, and having tendered the surety required by the Act of Congress, the State Court had no authority to proceed further in the cause, and that all proceedings thereafter were *coram non judice.* It is not claimed but that the suit was properly commenced in the Supreme Court of the State of New York, and that the Court had jurisdiction of the subject matter of the suit, and acquired jurisdiction of the defendant by service in compliance with the laws of New York. The parties were then before a Court having full power to hear and determine the matter in litigation, and render a final judgment. This jurisdiction continued and remained in that Court unless it was removed by virtue of the application, and petition filed by the defendant to have the cause removed to the Circuit Court of the United States. It is insisted on the part of the plaintiff that the refusal to grant the removal was at most, but error, and that this Court cannot sit to correct errors made by the Supreme Court of New York. This is the general rule, the law being well settled, that if a Court has jurisdiction of the parties, and of the subject matter of a suit, and proceeds to render judgment, though errors and irregularities are committed, full faith and credit must be given to that judgment in all collateral proceedings thereon in other Courts. The judgment must stand unless reversed for error, or set aside for fraud. Jurisdiction of the parties, and of the subject matter, is always indispensable to the validity of a judgment, and it is not enough that the Court had jurisdiction at the commencement of the action, and during a portion of the proceedings, the jurisdiction must continue to the end. If it is shown clearly that at any stage of the proceedings the jurisdiction of the Court was lost, all subsequent proceedings

would be void; hence the above rule cannot be held to apply where jurisdiction is made a question,—*Fitzhugh* v. *Castor* 4 *Tex.*, 391. We cannot correct any error made by the Supreme Court of the State of New York, but when a judgment rendered there is made the basis of an action here, we are bound, when the proper issue is made, to inquire whether the Court had authority to render the judgment. If we find that it had jurisdiction at the commencement of the proceedings, but before the judgment was rendered that jurisdiction ended, we must regard the judgment as nugatory. The acts of Congress, for the removal of causes, from that of 1789 to 1867, are substantially alike in this particular, that the right to remove is conferred directly upon the party, or parties who were within the statutes, and who comply with its terms. It is a privilege conferred directly by the act of Congress, and is a matter of right, and whenever an application is made for the removal of a cause, and it is shown to be one embraced by the act, and that the defendant has complied with the required conditions, it is the duty of the State Court to proceed no further in the suit. All other proceedings are *coram non judice*, and, of course, nugatory. *Gordon* v. *Songest*, 16 *Peters*, 97; *Fisk* v. *Union Pacific Railroad and others*, 6 Black., 362; *Conkling's Treaties,* 173. The intention of all the acts of Congress is the same; to secure a removal, on compliance with the particular statute under which the application is made, without making the right depend upon the mere pleasure, or will of the State Court, in any manner whatever. Undoubtedly there is a large discretion to be exercised by the State Court in respect to the sufficiency of the application and of the surety. If the Court to which the application is directed, and the surety offered abuses this discretion, and refuses the removal in a case wherein the exercise of a sound legal discretion would require the removal to be granted, its further proceedings in

the cause is squarely forbid by the act of Congress, and a judgment thereafter rendered in that Court would be without authority, and void. *Fisk* v. *The Union Pacific Railroad.* We believe it to be within the province of any Court wherein such a judgment is sought to be made the foundation of an action, to inquire whether the Court rendering the judgment abused its legal discretion, and thereby wrongfully asserted jurisdiction, and proceeded in the cause after its jurisdiction was clearly at an end. The application made in the Supreme Court of the State of New York, was based upon the act of Congress of July 17, 1866, as amended by the Act of March 2, 1867. 14 *Statutes at Large, pages* 306 and 558. The act requires the applicant for removal to "file a petition in such State Court for the removal of the suit into the next Circuit Court of the United States, to be held in the district where the suit is pending, and offer good and sufficient surety for her entering in such Court on the first day of its session, copies of all process, pleadings, depositions, testimony, and other proceedings in said suit, and doing such other appropriate acts," &c.

In all the adjudicated cases arising under the acts of Congress, giving the right to remove causes from State Courts, the applicant has been held to a strict, or reasonably strict, compliance with the Statutes. Several objections were made in argument to the sufficiency of the application made in this cause, the first that it was too late to make the application after the cause was referred for trial. The act of Congress says the petition may be filed at any time before the final hearing, or trial of the suit. There is nothing in the record to show that the cause had been finally heard by the referee before the petition was filed, and even if it had been heard, and report made, we are of the opinion that it was not too late. We believe, in respect to the next objection urged, that the petition sufficiently shows that it was made

to transfer the cause to the next term of the United States Circuit Court for the Southern District of New York. Although it appears that the bondsmen were not residents of the State of New York, but resided in the adjoining State of New Jersey, they justify by showing that they owned real estate within the jurisdiction of the Court of New York, ample for security, and hence we think the Court was not authorized to reject the security on account of their non-residence. We are of opinion that the affidavit filed with the petition was insufficient. The last objection is that the condition of the bond offered is not in accordance with the act of Congress. The bond and surety offered, which is made a part of the several paragraphs of answer, is in the following language. " The condition of the above obligation is such that if the said Indianapolis, Bloomington and Western Railroad Company enter in said Circuit Court, on the first day of its session, copies of the process against them in said cause, and shall also there appear, and enter special bail in the cause, if special bail was originally required therein, according to the law and practice of the United States and its Courts, then these presents and and obligations shall be void, otherwise to remain in force."

Under the first act of Congress, passed in 1789, the only surety required was that the defendant would appear in the United States Court, and enter a copy of the process against him, and give special bail, if special bail was originally required. Under this act it was necessary for the plaintiff in the cause to follow it up, and file in the United States Court a new complaint. This was changed by the act of 1866 and 1867, before cited, and the defendant is by these late acts required to secure the filing in the United States Court, not only a copy of the process against him, but copies of pleadings, depositions, testimony, and other proceedings in said suit. These provisions now enable the plaintiff to

follow the cause into the United States Court without trouble or additional expense to himself. This is secured to him by the Statutes, and is so reasonable a provision that we cannot regard it as a mere formality required to be inserted in the undertaking, but as of the substance of the surety to be offered. The plaintiff having chosen his forum and brought his suit in a court having jurisdiction of the parties, and of the subject matter, ought not to be driven into another tribunal at great expense, and trouble on account of a privilege given the defendant. It would seem that the bond tendered may have been copied from a form given under the act of 1789, and it may be unfortunate for the defendant that greater care and skill was not manifested by her attorneys in the State of New York. It is urged by the defendants that as no objections to the sufficiency of the bond appear by the record to have been pointed out, we cannot now find that it is insufficient, for if the objection had been made at the proper time it might have been perfected. It is a sufficient answer to say, that the reason for a ruling made by a Court does not appear upon the record, and we do not know from the record, that the Supreme Court of New York overruled the motion for the transfer of the cause on account of the defect in the condition of the bond we have just pointed out. We are of opinion, however, that the defect was sufficient to authorize the Court to retain the cause until sufficient surety was given for the filing, in the United States Court, of copies of all the pleadings, depositions, testimony, and other proceedings in said suit, and as we are bound to presume in favor of the right action of a Court, nothing appearing of record to the contrary, we may presume that the same objection to the bond was raised in the Supreme Court of New York, and that it was there held, as we now hold, that it was insufficient. The defendant says in her answer that the bond exhibited to us, and made a part of the answer is the

Risley *v.* The Indianapolis, Bloomington and Western Railway Co.

same offered to the Court in New York. We have no evidence, or allegations even, that any other was offered, or would have been offered, if the defect had been pointed out. We are of opinion, therefore, that the surety offered did not comply with the act of Congress under which the removal was sought, and that its defect was such, that the Court might, in the exercise of a sound legal discretion, refuse to accept it, and until sufficient surety was offered that the act of Congress should be complied with, the Court was authorized to retain jurisdiction of the cause, and proceed therein. The rulings of the Court at Special Term, on the demurrers, were therefore right.

Judgment affirmed.