Winn C. HAMRICK, as Trustee of the Residuary Estate for the use of the net income therefrom for relief of animals coming under the care of the Indianapolis Humane Society of the City of Indianapolis, Indiana, under the will of Mary Powell Crume, Deceased, Plaintiff-Appellant,

v.

INDIANAPOLIS HUMANE SOCIETY, INC., a corporation, Defendant-Appellee.

No. 12750.

United States Court of Appeals Seventh Circuit.

Dec. 30, 1959.

Alan W. Boyd, Indianapolis, Ind., P. Eugene Smith, Dayton, Ohio (Barnes, Hickam, Pantzer & Boyd, Indianapolis, Ind., of counsel), for appellant.

Paul R. Summers, William M. Osborn, Indianapolis, Ind. (Bingham Summers & Spilman, Indianapolis, Ind., of counsel), for appellee.

Before DUFFY, SCHNACKENBERG and KNOCH, Circuit Judges.

DUFFY, Circuit Judge.

Plaintiff brought this suit as Trustee of a testamentary trust to obtain a decree ordering defendant to deliver trust property in its possession to plaintiff, and to render an accounting. The estimated present value of the trust assets is $750,000.00. Defendant moved

to dismiss the action for the reasons: 1) the complaint failed to state a claim upon which relief could be granted; 2) the alleged claim was barred by the statute of limitations; and 3) the plaintiff lacked capacity to sue. The District Court sustained the motion to dismiss basing its ruling on the Indiana Statutes of Limitations. Section 2-601 et seq., Burns' 1946 Replacement.

The complaint alleges Mary Powell Crume died in 1935, a resident of Montgomery County, Ohio. Her will, probated in the Probate Court of Montgomery County, Ohio, named the Indianapolis Humane Society, Inc. as Trustee of the residuary estate, to hold the same perpetually for the sole purpose of using the net income therefrom for the relief of animals which should come under its care.

In 1940, a proceeding was brought in the Probate Court of Montgomery County, Ohio, by the administratrix of the estate of Roscoe A. Crume, challenging the validity of the residuary bequest. Defendant herein appeared in that litigation, claiming the bequest created a valid charitable trust. The Court sustained the validity of the trust, and ordered the residue of the estate, consisting entirely of personal property, turned over to the Indianapolis Humane Society, Inc., as Trustee. Possession of the trust corpus was obtained by defendant in 1940 and was removed to the state of Indiana wherein the trust has since been administered.

The complaint alleged that under the laws of Ohio, no trustee may lawfully enter upon the execution of a trust until the issuance of letters of appointment by the Probate Court having jurisdiction, and that defendant, Indianapolis Humane Society, Inc., never sought nor received letters of appointment as trustee from the Probate Court of Montgomery County.

The statute referred to is Section 2109.02 of the Revised Code of Ohio, and provides:

"Every fiduciary, before entering upon the execution of a trust, shall receive letters of appointment from a probate court having jurisdiction of the subject matter of the trust.

"The duties of a fiduciary shall be those required by law, and such additional duties as the court orders.

"No act or transaction by a fiduciary shall be valid prior to the issuance of letters of appointment to him."

Section 2109.01 of said Revised Code provides:

"'Fiduciary' * * * means any person * * * appointed by and accountable to the probate court and acting in a fiduciary capacity for any person * * * or charged with duties in relation to any property, interest, trust, or estate for the benefit of another."

On October 9, 1957, plaintiff Hamrick made application to the Probate Court of Montgomery County, Ohio, to be appointed Trustee of said trust. Apparently Hamrick had no personal interest in the estate of Mary Powell Crume, and claims none now. A hearing was held on said petition. Defendant did not appear formally but attorneys employed by defendant appeared as *amici curiae* and filed a brief opposing the relief sought. On February 4, 1958, the Ohio court appointed plaintiff as Trustee, and letters of appointment were issued to him. Thereafter, by letter, he demanded that defendant surrender the trust assets to him and to render an accounting. On June 24, 1958, said Probate Court authorized plaintiff to commence an action to secure possession of the trust property and to bring said assets physically within the jurisdiction of the Probate Court of Montgomery County, Ohio.

There is no claim here of any breach of trust duties. No argument is made that the intention of the testatrix in establishing the trust has not been fully carried out. This lawsuit is based on the technical point that letters of appointment never were issued to defendant Humane Society as testamentary Trustee.

There are many facts of possibly controlling interest that are not before us as this controversy comes to us on an appeal from a motion dismissing the complaint. We do not know why the Probate Court of Montgomery County failed to take action for more than seventeen years, and then authorized a stranger to the estate proceedings to bring this suit. We know nothing as to whether annual or other reports were made to the Ohio court. We do not know if an order has been entered in the Ohio court expressly removing the defendant Humane Society as testamentary Trustee. On this point, plaintiff argues that as he was appointed Trustee, there was a removal by implication.

It is clear from the record before us that the trust property in question was transferred to the defendant Humane Society in 1940 by the express order of the Probate Court of Montgomery County, Ohio. It is not so clear but we so infer from the argument that the trust property was transferred to the state of Indiana with the knowledge and consent of the Court.

The issue before us is the contention of defendant that the claim set forth in the complaint accrued, if at all, in the year 1940 when defendant received possession of the trust property without first obtaining letters of appointment from the Court. In Indiana, actions for the recovery of personal property must be brought within six years, and all other actions within fifteen years. (Section 2–601 to 2–627, Burns' 1946 Replacement).

Plaintiff cites authorities holding a refusal by a trustee to obey orders of the Court is ground for removing said trustee even though such trustee has been appointed by the will of a deceased. But there is no showing here that the defendant Humane Society ever refused to obey an order of the Probate Court of Montgomery County, Ohio. In fact, it is clear that when the Court ordered the trust funds to be turned over to the Humane Society in 1940, the Court knew it was an Indiana corporation which carried on its business in Indianapolis, Indiana. As far as we know, the Probate Court never suggested to this foreign corporation that under Ohio law a trustee should first obtain letters of appointment before receiving trust funds.

Plaintiff argues that before a suit could be brought against defendant, which in 1940 received the trust property under color of authority, a demand for a return of the property was necessary and this demand was made in the instant case in February, 1958. Plaintiff says he could not have made the demand earlier because he was not appointed Trustee until February 14, 1958.

Plaintiff contends and cites authorities for the proposition that under Ohio law, the primary lawful custodian of this trust fund is the Probate Court of Montgomery County, Ohio. In plaintiff's briefs and on oral argument, it was emphasized that the trustee was merely the Court's agent or figurehead to act for the Court in bringing the suit.

A plaintiff cannot indefinitely suspend the statute of limitations by delaying action. If a demand must be made as a preliminary step, it must be made within a reasonable time, that is, within the period of the statute of limitations. High v. Board of Commissioners of Shelby County, 92 Ind. 580, 587; Hitchcock v. Cosper, 164 Ind. 633, 643–644, 73 N.E. 264. As the trial court pointed out, if the rule were otherwise a party, by failing to act, could preclude the running of the statute of limitations until such time as might suit his convenience or pleasure. Statutes of limitation are statutes of repose and are favored by the courts. Wood v. Carpenter, 101 U.S. 135, 139, 25 L.Ed. 807.

The Probate Court of Montgomery County could have appointed an agent or trustee to act for it at any time since 1940. The delay of seventeen years was the delay of the Court. The fact that it must act through an agent or trustee to bring the suit should make no difference. The trustee has no personal interest in the trust funds. We think the

District Court was correct under the circumstances of this case in sustaining the motion to dismiss on the ground that plaintiff's claim is barred by the Indiana Statutes of Limitation.

Affirmed.