John P. WENNING, on behalf of himself and others similarly situated, Plaintiffs,

v.

JIM WALTER HOMES, INC., Mid-State Homes, Inc., Jim Walter Corporation, Defendants.

No. NA 78–52–C.

United States District Court, S. D. Indiana, New Albany Division.

Dec. 15, 1978.

James M. Little, Oklahoma City, Okl., for plaintiffs.

Richard C. O'Connor, New Albany, Ind., Jerry P. Belknap, Indianapolis, Ind., Charles F. Wilson, Tampa, Fla., for defendants.

## MEMORANDUM OF DECISION

DILLIN, District Judge.

### Background

This case is before the Court on plaintiff's motion for determination as a class action and on cross-motions for summary judgment.

In substance, the amended complaint alleges two violations of the Uniform Consumer Credit Code (the Code), which was adopted in Indiana in 1971. I.C. 24–4.5–2–101 through 24–4.5–2–605.

The first of the alleged violations is that defendants took a negotiable promissory note as evidence of indebtedness in consideration for the sale of a house. This is prohibited by I.C. 24–4.5–2–403, which reads in pertinent part:

"In a consumer credit sale or consumer lease, other than a sale or lease primarily for an agricultural purpose, the seller or lessor may not take a negotiable instrument other than a check as evidence of the obligation of the buyer or lessee. . . ."

Plaintiff maintains that the statutory remedy for the prohibited act is three times the finance charge connected with the transaction. The relevant language is in I.C. 24–4.5–5–202(1):

"If a creditor has violated the provision of this article . . . applying to certain negotiable instruments (24–4.5–2–403) . . . the debtor is not obligated to pay the credit service charge or loan finance charge, and has a right to recover from the person violating this article or from an assignee of that person's rights who undertakes direct collection of payments or enforcement of rights arising from the debt a penalty in an amount determined by the court not in excess of three [3] times the amount of the credit service charge or loan finance charge. No action pursuant to this subsection may be brought more than one [1] year after the due date of the last scheduled payment of the agreement with respect to which the violation occurred."

The second alleged violation is that defendants failed to make a refund within a reasonable time; I.C. 24–4.5–5–202(4) reads in pertinent part:

"If a debtor is entitled to a refund and a person liable to the debtor refuses to make a refund within a reasonable time after demand, the debtor may recover from that person a penalty in an amount determined by a court not exceeding the greater of either the amount of the credit service or loan finance charge or ten [10] times the amount of the excess charge . . . no action . . . may be brought more that one [1] year after the due date of the last scheduled payment of the agreement pursuant to which the charge was made."

The promissory note was executed on May 11, 1972, and was prepaid in full on July 15, 1974. The first installment was due on August 5, 1972. Had the note not be prepaid, the last installment would have been due on August 5, 1987, 180 months (15 years) later.

Defendants deny violation of the Code and deny the class action allegations. They plead specifically that the $10,000 jurisdictional requirement has not been met, and that the statute of limitations (in I.C. 24–4.-5–5–202(1) and (4) above) had run at the time the complaint was filed.

### Discussion

The focal question in this case is one of first impression. It is whether the one year limitation in sections 5–202(1) and (4) of the Code begins to run on the date of the last scheduled payment when the note is paid in full before the last scheduled payment falls due.

■ Before addressing that issue, however, it is necessary to respond to plaintiff's assertion that the limitations question ought not to be dealt with until the motion for determination as a class action is decided. Plaintiff calls the attention of the Court to the case of *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). The case involved alleged violations of antitrust and securities laws. The cause was sought to be maintained as a class action, but the named plaintiff had only $70 at stake, and the cost of notifying potential class members was nearly $22,000, more than the named plaintiff could pay. A preliminary hearing was held in the district court to determine whether the plaintiff was likely to prevail on the merits. This was undertaken to ascertain whether the cost of notice to the class members should have been imposed on the defendants. 417 U.S. at 168, 94 S.Ct. at 2148, 40 L.Ed.2d at 743. Justice Powell wrote for the majority:

"We find nothing in either the language or the history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action. Indeed, such a procedure contravenes the Rule by allowing a representative plaintiff to secure the benefits of a class action without first satisfying the requirements for it." 417 U.S. at 177, 94 S.Ct. at 2152, 40 L.Ed.2d at 748.

For three reasons it is the opinion of this Court that *Eisen* does not apply to this case. The first is that the hearing in *Eisen* was of far greater scope than is necessary to enable this Court to decide a statute of limitations question. According to the presiding district judge in *Eisen*, the parties submitted "voluminous documentary evidence . . . argument by counsel was heard, and briefs submitted thereafter. There follow[ed] findings of fact and conclusions of law concerning plaintiff's . . . claims . . . ." 54 F.R.D. 565, 567 (1972).

In the case at bar, no "hearing" will occur. All the information necessary to decide the issue is found in the statute itself and in the relevant dates, which are either matters of public record or stipulated by the parties. Justice Powell's language concerning the preliminary hearing in *Eisen* cannot be taken to mean that an allegation that the statute has run can be sidestepped in cases wherein a class action determination is sought. Moreover, it serves no purpose to delay consideration of a statute of limitations defense until decision is made as to the several requirements which must be met in order to maintain a class action.

The second reason is that when a defense such as the statute of limitations is concerned, its resolution relates directly to the class action determination. Considering whether the claims of named plaintiffs were "typical of the claims . . . of the class," Rule 23(a)(3), F.R.Civ.P., Circuit Judge Cummings of the Seventh Circuit Court of Appeals stated:

"Where it is predictable that major focus of the litigation will be on an arguable defense unique to the named plaintiff . . . , then the named plaintiff is not a proper class representative." *Koos v. First National Bank*, 496 F.2d 1162, 1164 (1974).

Thus when this type of defense is involved, consideration of it affects both the viability of the named plaintiff's case and whether the named plaintiff is a suitable class representative. Deciding the question does not allow the plaintiff to "secure the benefits of a class action without first satisfying the requirements for it," *Eisen, supra*, because the decision disposes of both issues simultaneously. The mischief Justice Powell wanted to avoid would not occur. See 7 Wright and Miller, Federal Practice and Procedure § 1759 (1972).

Third, under Indiana law statutes of limitations are viewed as procedural and not as part of the merits of a case. *Horvath v. Davidson*, 148 Ind.App. 203, 264 N.E.2d 328, 332 (1970). Even if the rule in *Eisen* (that the merits must not be addressed before the class action question) were to apply here, the prohibition would not include a statute of limitations. This Court is thus not pre-

vented by *Eisen* from considering defendants' argument that the statute of limitations has run.

Turning to the limitation issue, plaintiff's position is that suit was filed within the time limit prescribed by sections 5–202(1) and (4) of the Code. He points out that section 2–302(1)(g) states that the disclosures required by the Code are to be made "on the assumption that all scheduled payments will be made when due," I.C. 24–4.5–2–302(1)(g). Plaintiff argues that the entire Code was written with the expectation that payments would be made as scheduled, and that the date of the last scheduled payment should therefore set the limitation period running regardless of prepayment of the note.

It is true that if "the due date of the last scheduled payment of the agreement" is accepted on its face as the point at which the year period begins, this suit is not barred for failure to file in time. Indeed, plaintiff would have until 1988 to bring suit if he had not already done so.

■ However, as defendants argue persuasively, it would not be logical to use the date of the last scheduled payment as the point at which the year begins when the note is paid in full before the last scheduled payment. Statutes of limitation "should not be construed so as to reach an absurd result." *Hamrick v. Indianapolis Humane Society, Inc.*, 174 F.Supp. 403, 409 (S.D.Ind. 1959), aff'd 273 F.2d 7 (7 Cir. 1959), cert. den. 362 U.S. 919, 80 S.Ct. 671, 4 L.Ed.2d 739 (1960). It would make little sense to allow plaintiff a twelve year period during which he might complain when it is apparent that repose after one year was intended.

■ This is not, as plaintiff suggests, entirely inconsistent with the remainder of the Code. In fact, the Code makes specific provision for the possibility of prepayment; I.C. 24–4.5–3–209 permits the debtor to prepay without penalty. In view of section 3–209, it can hardly be supposed that prepayment should be permitted to operate to penalize the creditor. Plaintiff's assertion that the entire Code was written with the understanding that payments would be made as scheduled is in error.

■ Statutes of limitation are to be given reasonable effect. It is apparent that the drafters intended that aggrieved debtors have one year after the termination of the "agreement with respect to which the violation occurred" (section 5–202(1)), or the "agreement pursuant to which the charge was made" (section 5–202(4)), during which to bring suit. Therefore, when the termination of the agreement occurs before the date of the last scheduled payment, the year begins to run at that time.

■ Applying this rule to the case at bar, plaintiff had until July 15, 1975, one year from the date the note was paid in full, to bring suit. The complaint was not filed until May, 1978, nearly three years too late. Plaintiff is therefore barred and defendants' motion for summary judgment is granted. Inasmuch as plaintiff has no viable cause of action, his motion for an order permitting this case to proceed as a class action is denied.

Judgment will be entered accordingly.