**John P. WENNING, etc.,
Plaintiff-Appellant,**

v.

**JIM WALTER HOMES, INC., a corporation, Mid-State Homes, Inc., a corporation, and Jim Walter Corporation, Defendants-Appellees.**

No. 79–1074.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 14, 1979.

Decided Oct. 4, 1979.

Rehearing and Rehearing In Banc
Denied Nov. 20, 1979.

James M. Little, Oklahoma City, Okl., for plaintiff-appellant.

Jerry P. Belknap, Indianapolis, Ind., for defendants-appellees.

Before SWYGERT, TONE and WOOD, Circuit Judges.

TONE, Circuit Judge.

The issue in this diversity case is whether, when a negotiable promissory note is paid before maturity pursuant to the prepayment provisions of the Credit Sales Chapter of the Uniform Consumer Credit Code, adopted in Indiana as Ind.Code §§ 24–4.5–2–101 through 24–4.5–2–605, the statute of limitations runs from the date of prepayment or from the last payment date scheduled in the note regardless of prepayment. The district court held that the statute runs from the prepayment date. We affirm.

Plaintiff's complaint alleges that he purchased a house from defendants for consideration which included a negotiable promis-

sory note. The taking of such a note was prohibited by Ind.Code § 24–4.5–2–403, which provides, in relevant part,

> In a consumer credit sale or consumer lease, other than a sale or lease primarily for an agricultural purpose, the seller or lessor may not take a negotiable instrument other than a check as evidence of the obligation of the buyer or lessee.

Plaintiff alleges that under Ind.Code § 24–4.5–5–202(1) the remedy for the prohibited conduct is three times the finance charge agreed upon. He also alleges that defendants failed to make a refund within a reasonable time, in violation of Ind.Code § 24–4.5–5–202(4). Plaintiff seeks to represent himself and a class of similarly situated debtors.

The promissory note was executed on May 11, 1972 and provided for monthly payments, the last of which was due on August 5, 1987. The note was prepaid in full on July 15, 1974. This action was commenced more than one year later.

■ The district court granted summary judgment for defendants on the ground of the statute of limitations,[1] Ind.Code § 24–4.5–5–202(1), which provides, in relevant part,

> No action pursuant to this subsection may be brought more than one year after the due date of the last scheduled payment of the agreement with respect to which the violation occurred.

■ In the absence of any authority on the question before us, we conclude that the effect of plaintiff's exercise of his statutory right to prepay was to amend the schedule of payments that had originally been agreed upon. The date selected for prepayment became the new "last scheduled payment of the agreement," and the statute of limitations ran from that date. Accordingly, plaintiff's claim is barred.

■ Plaintiff also contends that the district court erred in failing to decide the class action question before reaching the summary judgment motion. The court proceeded in the sequence complained of because plaintiff's capacity to represent the class depended upon whether his own claim was barred. The determination that plaintiff's claim was barred meant that plaintiff could not adequately represent the class, *Koos v. First National Bank,* 496 F.2d 1162, 1164–65 (7th Cir. 1974), and no other class action issue remained to be decided. Under these circumstances it was not error to reach the statute of limitations issue before deciding the class issue.

The judgment of the district court is affirmed.

Affirmed.

---

1. Defendants also challenge the jurisdiction of the court on the ground that plaintiff's claim does not satisfy the jurisdictional amount requirement of 28 U.S.C. § 1332(a). Their theory is that the penalty is to be calculated upon the finance charge that was actually collected rather than the higher finance charge that would have been payable if the note had not been paid until maturity. Jurisdictional amount is determined by the plaintiff's claim, so long as it is "apparently made in good faith." *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1937); 1 *Moore's Federal Practice* ¶ 0.91[1] (2d ed. 1979). Accordingly, federal jurisdiction exists.