Ben J. KENDRICK, and Lydia P.
Kendrick, on behalf of themselves
and others similarly situated

v.

JIM WALTER HOMES, INC.

No. IP 79–694–C.

United States District Court,
S. D. Indiana,
Indianapolis Division.

Sept. 29, 1981.

John N. Goodman and James M. Little, of
Ungerman, Conner, Little, Ungerman &
Goodman, Oklahoma City, Okl., and William
H. Davis, Corydon, Ind., for plaintiffs.

Jerry P. Belknap, of Barnes & Thornburg, Indianapolis, Ind., for defendant.

## ORDER

NOLAND, District Judge.

This cause is before the Court upon the
motions of plaintiff Lydia Kendrick for par-

tial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and for oral argument on the same and other motions pursuant to General Rule 9 of the United States District Court for the Southern District of Indiana.

Whereupon the Court, having considered the motions and materials submitted in support thereof and in opposition thereto, and being duly advised in the premises, hereby DENIES the Motion for Partial Summary Judgment and the Motion for Oral Argument insofar as it relates thereto.

IT IS SO ORDERED.

## MEMORANDUM ENTRY

▬ This Motion for Partial Summary Judgment presents two issues: Whether a consumer credit seller who takes a promissory note in violation of U.C.C.C. § 2.403 [1] is strictly liable for the penalty imposed by U.C.C.C. § 5.202(1) for such violations; and whether such a consumer credit seller is, without doing anything more than taking a promissory note, liable for U.C.C.C. § 5.202(4)'s penalties for failure to refund excess credit service charges within a reasonable time.[2] The Court decides both these issues in the negative, and accordingly DENIES the motion.

Section 5.202 provides in pertinent part:

*24–4.5–5–202 [19–25–202]. Effect of violations on rights of parties.*—(1) If a creditor has violated the provisions of this article [24–4.5–1–101—24–4.5–6–203] applying to certain negotiable instruments (24–4.5–2–403), ..., the debtor is not obligated to pay the credit service charge or loan finance charge, and has a right to recover from the person violating this article ... a penalty in an amount determined by the court not in excess of three [3] times the amount of the credit service charge or loan finance charge.

. . . . .

(3) A debtor is not obligated to pay a charge in excess of that allowed by this article, and if he has paid an excess charge he has a right to a refund. A refund may be made by reducing the debtor's obligation by the amount of the excess charge. If the debtor has paid an amount in excess of the lawful obligation under the agreement, the debtor may recover the excess amount from the person who made the excess charge....

(4) If a debtor is entitled to a refund and a person liable to the debtor refuses to make a refund within a reasonable time after demand, the debtor may recover from that person a penalty in an amount determined by a court not exceeding the greater of either the amount of the credit service or loan finance charge or ten [10] times the excess charge. If the creditor has made an excess charge in deliberate violation of or in reckless disregard for this article, the penalty may be recovered even though the creditor has refunded the excess charge.

. . . . .

(7) If the creditor establishes by a preponderance of evidence that a violation is unintentional or the result of a bona fide error, no liability is imposed under subsections (1), (2), and (4) and the validity of the transaction is not affected.

Defendant Jim Walter Homes, Inc. ("Jim Walter Homes") contends that partial summary judgment against it as to liability is not warranted, in that a material issue of fact exists as to whether its violation was intentional or not. According to its answer to Kendrick's Interrogatory No. 4, filed February 20, 1980, Jim Walter Homes in essence claims that it learned that its nego-

---

1. Hereinafter the 1968 Official Text of the Uniform Consumer Credit Code, *as enacted by* P.L. 366, 1971 Ind. Acts 1557, *and codified at* Ind. Code §§ 24–4.5–1–101—6–203 (1976), will be cited thus, *e.g.*: "U.C.C.C. § 1.101."

2. Similar issues were raised, but not reached, in *Wenning v. Jim Walter Homes, Inc.*, 464

F.Supp. 110 (S.D.Ind.1978), *aff'd.* 606 F.2d 784 (7th Cir. 1979). There the District Court held plaintiff's claims to be barred by the statutes of limitation included in U.C.C.C. § 5.202(1, 4). The Court of Appeals held them barred solely on the basis of U.C.C.C. § 5.202(1)'s limitation.

tiable instruments violated Indiana laws when the court's opinion was rendered in *Circle v. Jim Walter Homes, Inc.,* 535 F.2d 583, 19 U.C.C.Rep. 158 (10th Cir. 1976)[3]. Inasmuch as the Kendrick transaction was entered into in 1972, well before that decision, Jim Walter Homes claims that it is entitled to the unintentional violation/bona fide error defenses of U.C.C.C. § 5.202(7). While the Court believes it is more reasonable to assume that Jim Walter Homes was put on notice from the time the *Circle* litigation was originally commenced, it nevertheless agrees that defendant's intent in entering into the transaction is such a material fact as to preclude partial summary judgment. Subsection (7) plainly shows that the taking of a negotiable instrument under U.C.C.C. § 2.403 was not to be a strict liability offense; to rule otherwise would be contrary to the intent of both the Uniform Commissioners and the Indiana General Assembly, and would be inconsistent with Indiana case law. *Cf. Sutton v. Fletcher,* 6 Blackf. 362 (1843) (contract made usurious by mistake, without corrupt intent, not within usury statute). Intent to violate § 2.403 is a prerequisite to recover any penalty therefor, and must be proved by the plaintiff seeking to enforce it.

Jim Walter Homes also asserts that Kendrick is not entitled to judgment as a matter of law as to its liability under U.C.C.C. § 5.202(4). It claims that U.C.C.C. § 5.202(1) provides the exclusive remedy for the wrongful taking of a negotiable instrument. In deciding this issue it is important to note that Kendrick's complaint claims only a violation of U.C.C.C. § 2.403; she does not contend that the credit service charge paid exceeded either the maximum permitted by the U.C.C.C. or the rate set forth in the note, prerequisites to recovery of those excess payments under U.C.C.C.

§ 5.202(3). Nor does she assert that any charges collected in connection with a promissory note such as this are *per se* excessive. The relief sought is for the taking of the note and nothing else.[4]

Under the Uniform Consumer Credit Code, it has been held that a debtor is entitled to recover for every violation committed in the course of a single transaction. *Kuykendall v. Malernee,* 516 P.2d 558, 564 (Okla.App.1973). However, part of the court's theory for permitting such cumulative recovery was that each violation of the U.C.C.C. is distinct and separate. *Id.* It therefore follows that where a debtor has elected to sue on only one violation arising out of a transaction, only one penalty, the one appropriate to that violation, may be recovered. Kendrick therefore cannot, on the current state of the record, recover the penalties established by § 5.202(4); she is limited to that prescribed by § 5.202(1), the only penalty applicable to violations of U.C.C.C. § 2.403. This result is consistent with the Court's earlier view, expressed in its August 25, 1980, Entry limiting multiple consumers to a single recovery, that § 5.202 is to be strictly construed in its penal aspects. *Green v. Robertshaw-Fulton Controls Co.,* 204 F.Supp. 117, 132 (S.D.Ind. 1962); *Milk Control Board v. Pursifull,* 219 Ind. 396, 38 N.E.2d 246, 250 (1941); *Sheraton Corp. v. Kingsford Packing Co.,* 162 Ind.App. 470, 319 N.E.2d 852 (1974). Penalties of the magnitude contemplated by this statute are not to be imposed absent a showing that a consumer credit lender, seller, or lessor has violated the respective provisions to which those penalties relate. " '[W]here a statute creates a new offense and denounces the penalty, or gives a new right and declares the remedy, the punishment or the remedy can be only that which

**3.** That case, which construed the Oklahoma version of the U.C.C.C., held in part that the promissory notes involved there were negotiable under Article 3 of the Uniform Commercial Code, and therefore fell within the prohibition of U.C.C.C. § 2.403.

**4.** Kendrick, in her brief, has alluded to Jim Walter Homes' refunding of $394,318.20 to In-

diana residents as evidence of its "reckless disregard" of Indiana law and as support for her claim to recover a § 5.202(4) penalty. Apart from the fact that such an allegation does not cure the deficiency of her complaint, evidence along those lines cannot be considered on summary judgment. Fed.R.Evid. 408 (Compromise and Offers to Compromise).

the statute prescribes.' " *D. R. Wilder Mfg. Co. v. Corn Products Refining Co.*, 236 U.S. 165, 174–75, 35 S.Ct. 398, 401, 59 L.Ed. 520 (1915), *quoting Farmers' & Mechanics' National Bank v. Dearing*, 91 U.S. (23 Wall.) 29, 35, 23 L.Ed. 196, 199 (1875). *See also* Official Comment 1 to § 5.202.

Defendant has also argued affirmative defenses pled against various intervening plaintiffs in this cause; inasmuch as they were not parties to this motion, the Court expresses no opinion on the validity of those arguments.